CASE No. 1078.

STATE v. WORKMAN.

1. A person indicted under Chapter CXXIX, Section 4, of the General Statutes, for burning a frame prepared for building, is entitled to only five peremptory challenges.

2. Whether a confession has been free and voluntary depends in large measure upon the circumstances of the case, and is a question for the Circuit judge in his discretion to decide.

3. To render a confession admissible in evidence, it is not necessary that the prisoner should be forewarned of the effect his confession may have.

4. The confession of one of the defendants implicated himself and his co-defendant; while this confession was not evidence as against the other party, there was no error in permitting the full statement of the prisoner to be proved, without suppression of the name of the co-defendant, the jury having been properly instructed that it was evidence only against the party who made it.

5. Two men being jointly tried for the same crime, the wife of one of them is not a competent witness for her husband, nor as to any common ground of defence, for the other defendant.

6. On motion for new trial upon the ground of after-discovered evidence, the affidavits did not show that such evidence could not by due diligence have been discovered before the trial. The motion was properly refused by the Circuit judge.

7. This court cannot look into the evidence to determine whether the verdict is sustained by the facts proved, but must assume that the charge made in the indictment was sufficiently established.

Before HUDSON, J., Newberry, February, 1881.

This was an indictment against Isom Workman and John P. Satterwhite. The report of the presiding judge is as follows:

The defendants were jointly indicted under Chapter CXXIX., Section 4, page 714, General Statutes. Upon their arraignment they claimed the right of twenty peremptory challenges each to the jurors. This I refused, and held them each entitled only to five peremptory challenges. The law clearly defines in what felonies the accused shall have the incidents of arraignments and the right to twenty peremptory challenges, and expressly declares that in all other cases the accused shall have but five peremptory challenges. The present offence is not one of those in which the right to twenty peremptory challenges is given. I allowed the state to give in evidence the confession of Isom Workman because it appeared that the same was made freely and voluntarily, and upon his own solicitation; but I held the confession to be admissible only against Workman, and carefully charged the jury that they must not regard the confession as evidence against Satterwhite; that even if made in Satterwhite's presence the *con-*

*fession* would not be evidence against him, but his conduct and words in response thereto would be.

The wife of Satterwhite was offered as a witness in his behalf. I held her an incompetent witness for or against either of the defendants.

To these rulings exceptions were taken by defendants; that to the confession being that it was made under duress, and should have been entirely excluded. The defendants were found guilty, and a motion in arrest of judgment and for a new trial was made upon the exceptions aforesaid, and upon the ground that the verdict of the jury is against the law and evidence, and also upon the ground of newly-discovered testimony. I refused the motion, because I can see no error in my aforesaid rulings, because there was evidence to sustain the verdict, and because I do not regard the showing as to newly-discovered testimony sufficient, in form or in substance to justify me in setting aside the verdict.

The defendants moved for a new trial upon the following grounds.

1. Because his Honor erred in not allowing the prisoners the right and benefit of twenty peremptory challenges each, but restricted them to five each.

2. Because his Honor erred in permitting the confessions of the defendant, Isom Workman, to go to the jury, when it clearly appeared that they were made under duress and threats of bodily injury.

3. Because the arresting officers did not state to the defendant, Isom Workman, before he made his confession, that what he had to say would or could do him no good, and might or could be used as evidence against him.

4. Because his Honor erred in refusing to allow the wife of the defendant, John F. Satterwhite, to give testimony either in the behalf of her husband or in behalf of the defendant, Isom Workman, in the above-stated case.

5. Because the verdict of the jury was in all respects contrary to the law and the evidence, and that there was no proof what-

·ever of conspiracy between the above-named defendants to commit the offence charged in the indictment.

6. That the newly discovered evidence, as shown by affidavit, shows facts calculated to change the testimony and lead to a conclusion of innocence.

The affidavit referred to in the last ground was as follows :

Personally came O. L. Schumpert, one of the defendants' attorneys, who, being duly sworn, says that since the rendition of the verdict in the case of State *v.* Workman and Satterwhite, to wit, on Sunday, February 13th, instant, ·certain evidence was brought to his attention as said attorney for the first time, which goes far to show that the alleged confession of Isom Workman was ·extorted under duress ; that two of the state's witnesses were paid five dollars each to testify against said defendants, and that the prosecutor in said cause and Detective Alley prevented the arresting party from lynching said defendants on the night of their arrest.

Defendants appealed upon the grounds taken for a new trial in the court below.

*Messrs. G. S. Mower, J. Y. Culbreath and O. L. Schumpert,* for appellants.

*Mr. Solicitor Duncan and Mr. Geo. Johnstone,* contra.

September 12th, 1881. The opinion of the court was delivered by

McIver, A. J. In this case the defendants were indicted and tried jointly for burning a frame of timber prepared for making a house, which is made a felony by Section 4, Chapter CXXIX., General Statutes, page 714. Upon their arraignment they each ·claimed the right to challenge, peremptorily, twenty of the jurors presented, but the Circuit judge held that they were each only ·entitled to five peremptory challenges, and this presents the first question raised by this appeal.

It is very clear that the prisoners were properly restricted to

five peremptory challenges each. The statute designates specifically the cases in which twenty peremptory challenges are allowed, and declares that in other cases the right of peremptory challenge on the part of the accused shall be limited to five. General Statutes 747, 748. The offence for which these defendants were indicted does not fall within any of the classes in which twenty peremptory challenges are allowed. If there could be any doubt upon this point that doubt would be removed by the decision of this court in the recent case of *State* v. *Pope*, 9 *S. C.* 273, which is, in principle, identical with this case.

The next question is as to the admissibility of the confessions of one of the defendants—Isom Workman. Three objections seem to be made. 1. That the confessions were not free and voluntary. 2. That no previous warning had been given to the defendant as to the effect his confessions might have. 3. That even if the confessions were admissible as against the party who made them, they were not competent evidence against the other defendant, and the witnesses in proving them should have been required to omit the name of Satterwhite wherever it was used by Workman in making his confession.

As to the first objection the rule is that the evidence upon the point whether the confessions are free and voluntary or have been extracted by fear or induced by hope excited in the prisoner's breast by some outside influence, is addressed to the presiding judge, and it is a matter for him in his discretion to decide; but as it is difficult to lay down any particular rule by which the proper exercise of this discretion is to be tested, each case must, in large measure, depend upon its own circumstances. 1 *Greenl. on Ev.*, § 219. In this case the Circuit judge reports that the confession of Workman was admitted in evidence " because it appeared that the same was made freely and voluntarily, and upon his own solicitation," and we think the testimony set out in the " case " fully sustains this statement of the Circuit judge, and that there was no error in admitting the confessions.

The next objection to the confessions cannot be sustained. No previous warning was necessary. In 1 *Greenl. on Ev.*, § 229, it is said : " Neither is it necessary to the admissibility of any confession to whomsoever it may have been made, that it should ap-

pear that the prisoner was warned that what he said would be used against him. On the contrary, if the confession was voluntary it is sufficient though it should appear that he was not warned."

The remaining objection to the confessions is, not only that they were not admissible against the co-defendant, but that the witnesses in detailing the confessions should not have been allowed to use the name of Satterwhite where it had been used by Workman in making the confessions. The first branch of this objection rests upon a misapprehension of the ruling of the Circuit judge, for he not only did not hold the confessions of Workman to be admissible as evidence against Satterwhite, but, on the contrary, he seems to have carefully instructed the jury that the confessions were evidence against Workman only, and that they must not regard them as any evidence against Satterwhite.

The only remaining inquiry on this branch of the case is whether the witnesses who were put upon the stand to prove the confessions of Workman should, in detailing such confessions, have been required to omit the name of Satterwhite where it was used by Workman in making his confession. The rule seems to be that the name should not be omitted. *Rex* v. *Fletcher et al.,* 19 *Eng. Com. Law* 369 ; *Rex* v. *Hearne et al.,* 19 *Eng. Com. Law* 350 ; *Rex.* v. *Clewes* 19 *Eng. Com. Law* 356. In *Hearne's Case, supra,* where it was insisted on behalf of Cox, one of the defendants, whose name had been mentioned as one of the parties engaged in stealing the horse, in proving the confessions of Cotton, another of the defendants, that the witness, in proving the confession, ought to be required to omit his name and merely say " another person," Littledale, J., said : " The witness must mention the name. He is to tell what Cotton said, and if he left out the name he would not do so. Cotton did not say ' another person,' and the witness must give the conversation just as it occurred, but I shall tell the jury that it is not evidence against Cox ; "—just as the Circuit judge seems to have done in this case. The doctrine established by these cases appears to be recognized by these eminent text-writers. *Phillips, ch. V.,* § 5; *Starkie, part 4, p.* 54, and 1 *Greenl.,* § 218.

The next point raised by the appeal is as to the competency

2 M

of Satterwhite's wife as a witness. The appellants insist, first, that she was a competent witness for both of the defendants, and next, that if she is held to ·be incompetent as a witness for her husband, she was, nevertheless, a competent witness for the other defendant. It is conceded that at common law the wife would not be a competent witness for her husband in a case of this kind, and we are not aware of any statute which renders her competent. The act of 1866, incorporated in Gen. Stat., Chap. CX., p. 514, § 17, and in Chap. CXL., p. 748, §§ 5, 6, is re-lied upon by the appellants as rendering the wife a competent witness for her husband in a criminal case. We do not think that such is the effect of that act. The manifest object of that statute was to remove objections to the competency of witnesses upon the ground that they were parties to the action or interested in the event of it; and as Dunkin, C. J., in *Moseley* v. *Eakin*, 15 *Rich.* 338, says, the other provisions of the act of 1866, con-tained in the third section, were simply intended to preserve the then existing rules of law by which persons could not be re-quired to criminate themselves, and by which confidential com-munications between persons standing towards each other in the relation of husband and wife were protected. But the rule which renders the wife an incompetent witness for or against her husband did not rest alone upon the ground of identity of in-terest, but also upon " principles of public policy which lie at the basis of civil society." 1 *Greenl. on Ev.*, § 334.

The passage, therefore, of this act, removing all grounds of objection to the competency of witnesses on the score of interest, does not remove the other ground of objection to the competency of a wife to testify for or against her husband based upon con-siderations of public policy. *Lucas* v. *Brooks*, 18 *Wall.* 453 ; *Gee* v. *Scott*, 48 *Tex.* 510 ; *Same case*, 26 *Am. R.* 331 ; *Steen* v. *State*, 20 *Ohio St.* 333 ; *Gibson* v. *Commonwealth*, 87 *Penna. St.* 253. It is insisted, however, that even though the wife of Sat-terwhite may not be a competent witness for him, yet she was a competent witness for his co-defendant, Workman. These par-ties were indicted and tried jointly, and there was no motion to sever, upon the ground that one of them desired to use a witness who would not be competent for the other ; nor was it proposed to prove by Mrs. Satterwhite a distinct and independent defence

in behalf of Workman, which would not affect the defence set up by her husband, and when this is the case it is well settled that the wife of one defendant is not a competent witness for any of the other defendants. *State* v. *McGrew,* 13 *Rich.* 316; *Commonwealth* v. *Eastland,* 1 *Mass.* 15; *Commonwealth* v. *Robinson,* 1 *Gray* 555; *State* v. *Smith,* 2 *Ired.* 402.

The next question is whether the judge erred in refusing the motion for a new trial based upon the ground of newly-discovered evidence. This motion was addressed to the discretion of the Circuit judge, and unless his discretion was abused or some rule of law was violated we have no authority to interfere. In this case, so far from there having been any abuse of discretion, or any violation of any of the rules of law, we agree entirely with the Circuit judge that the showing upon which the motion was based was altogether insufficient, both in form and substance. Without undertaking to specify all the objections to it, there was one which was absolutely fatal, and that was the absence of any showing to the effect that the alleged newly-discovered evidence could not, by due diligence, have been discovered in time for it to be offered at the trial. Indeed, there is nothing whatever to show that the so-called newly-discovered evidence was not known *to the defendants* at the time of the trial, for the motion is based solely upon the affidavit of *one of the counsel* for the prisoners, and while it may have been, and no doubt was, entirely true, that this evidence was only brought to the attention of the counsel after the trial, it does not by any means follow from this that such evidence was not known to the defendants.

The last ground relied upon by the appellants is that " the evidence discloses no offence against the statute under which this indictment is framed. The testimony shows that it was a dwelling-house nearly completed." The real point upon which this ground rests, as we gather from the argument here, is, that the thing burned was not a frame of timber prepared for making a house, which is the offence denounced by the statute under which this indictment was framed, but that it was a dwelling-house partially completed.

We do not see how the appellants can raise this point here

under the statements contained in the " case " as prepared for argument here, for it presents a mere question of fact, and one, therefore, beyond our jurisdiction.   No exception seems to have been taken to the indictment, and hence we are bound to assume that it was sufficient in form, and that it properly charged the offence created by the statute; nor does it appear that the Circuit judge was requested to make any ruling upon the subject. All that does appear is that the defendants were charged with burning a frame of timber prepared for making a house, and that of this charge the jury have found the defendants guilty. We must, therefore, conclude that the charge was sustained by the evidence submitted, for we have no authority to look into the evidence for the purpose of ascertaining whether the verdict of the jury is in accordance with the evidence.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.