HEARD NOVEMBER TERM, 1873.

KNOX & GILL *vs.* RAILROAD COMPANY.

The Supreme Court will not entertain a petition for re-hearing, in order to allow counsel to submit grounds and authorities not before taken and cited in the case.

In the case of Knox & Gill *vs.* The South Carolina Railroad Company, reported *ante* p. 22, the following petition for re-hearing was now presented to the Court:

The defendants in this case respectfully pray the Supreme Court to grant a re-hearing in this cause, in order to allow their counsel to submit grounds and authorities not heretofore cited, to the end that the decision of the Circuit Court and the Supreme Court in the premises may be reconsidered and reversed:

1. That the Act of 1827 provided for fractions of 100 miles on heavy freights, but the Acts of 1828, 1835 and 1838 omit and repeal all provisions for fractions of 100 miles on heavy freight. The last named Acts were manifestly intended to establish the only rule which should prevail.

2. The Acts of 1828, 1835 and 1838 make 100 miles the unit per 100 pounds of heavy freight, and the unit must be the rule where fractions are not provided for.

3. The phraseology of the Acts makes it clearly apparent that the mile was to be the unit in relation to passengers, and the 100 miles in relation to freight per 100 pounds.

4. The reason of the theory furnishes the best rule for the interpretation of a statute, and the reason of the theory is, that so great an element of expense in railroad transportation as loading and unloading should find compensation in a fixed charge for a stated distance, especially in relation to heavy freights.

5. When there is a charge and a unit of distance fixed by law there can be no *pro rata* for greater or less distance without statutory provision.

6. In interpreting the statutes on the subject, the repeal of subsequent statutes of the *pro rata* charge in the Act of 1827 must be taken into consideration, in order to ascertain the intent of the Legislature ; in other words, the intent of the Acts of 1828, 1835 and 1838 cannot be ascertained without reference to the repeal by them of the *pro rata* provision in the Act of 1827.

7. That the cost of transportation on conveyance of heavy freight depends not so much upon the distance of carriage as upon the clerical or other physical force employed, which is nearly as great for distances under 100 miles as for 100 miles.

8. If the intention of the Legislature had been to establish the mile as the unit, and not the 100 miles, the natural and proper way of expressing it would have been either to fix the rate at $\frac{1}{3}$ or $\frac{1}{4}$ of a cent per 100 pounds per mile, or to have retained the words of the Act of 1827, to wit: " At the above rates for any greater or less distance."

9. The construction sustained by the Court is ruinous to the local business of the road, and subversive of a practice which has prevailed and been acquiesced in from the establishment thereof.

*Porter & Conner*, for petitioner.

Feb. 17, 1874. *Per Curiam.* This is an application, in terms, for a re-hearing of the case stated, but, practically, for a review of the decision, which, after full argument, has been rendered.

It is not our purpose now to prescribe any rule for the re-examination, on the mere petition of parties, of a final judgment, duly pronounced and filed. Whatever may be our views in regard to any control which we may be authorized to exercise over the judgments and decrees of the Court, or how far, *ex mero motu*, we are at liberty to reconsider them, we will announce when a proper case may so require.

The grounds and propositions of law on which the re-hearing is asked were fully considered, and the judgment was not rendered until all due weight was given to them. To open the case (not passing on our right to do so) would be establishing a precedent by which the hearing of every cause might be considered as only preliminary to a more extended one, on the application of any dissatisfied party, even after judgment pronounced.

The petition is not granted..