### *EX-PARTE* KNOX, *IN RE* COTHRAN v. KNOX.

1. After judgment of the Supreme Court affirming or modifying a Circuit decree, and *remittitur* issued, the Circuit Court has no power to grant a rehearing of the cause for errors apparent on the face of the decree, or for newly-discovered evidence, or upon any other ground.
2. *Ex parte Dunovant*, 16 S. C. 299, explained.
3. The powers of the Supreme Court, derived as they are from the constitution and statutes, may not be in all cases identical with the powers formerly exercised by the Appeal Court prior to 1868.
4. The effect of a judgment of this court upon a judgment of the Circuit Court stated. Where the judgment below is modified by the judgment on appeal, the latter becomes the final judgment in the case, and is remitted to the court below only to be enforced.

---

Before KERSHAW, J., Abbeville, February, 1881.

Mr. Justice McGowan, formerly of counsel in the cause, did not sit at the hearing of this appeal. The Hon. T. B. Fraser, of the Third Circuit, sat in his stead.

This was a petition by John Knox for a rehearing of the cause of *Cothran* v. *Knox*, which will be found reported in 13 *S. C.*, 496. The affidavit upon which the motion is based alleges the discovery of a " cotton book" and papers since the last trial, which due diligence would not have enabled him sooner to discover, and from which information was derived pointing out the books of New York customers that also furnished material evidence ; that this evidence brought before the referee would make a difference in the report in petitioner's favor of about $10,000.

The decree of the Circuit judge was as follows :

The principal cause was commenced by a complaint filed by

James S. Cothran, executor of J. J. Cunningham, deceased, against John Knox, the defendant, to recover judgment against him for certain moneys alleged to be due him upon a sealed note given by defendant to the plaintiff.   The defendant, by his answers, set up a settlement or award of referee or arbitration, various moneys paid by him at the request of the plaintiff, and a counter-claim for said payments, offering judgment for $512 and costs.

Subsequently, by leave of the court, plaintiff filed an amended complaint, converting the cause into a demand for an account against the defendant individually, and for alleged transactions between plaintiff's intestate and defendant as co-partners in business as merchants and hotel-keepers. The defendant, in his answer to the amended complaint, admitted the co-partnership, and submitted to account for the remaining "unaccounted-for assets of the late firm of J. Knox & Co.," and set up the alleged settlement or award, and other matters tending to discharge him from liability.   The cause was referred to a referee to state the accounts between John Knox and J. J. Cunningham in his lifetime, including the co-partnership, etc.   There was a report of the referee, to which exceptions were taken; a hearing of the exceptions; a decree thereon of the Circuit Court; an appeal to the Supreme Court; and a decree of that court.   This decree concurred in that of the Circuit Court in all particulars but one, and in that agreed with the referee.

A petition is now filed on behalf of the defendant Knox, asking that the judgment rendered in the cause, which has been remanded here and made the judgment of the court, "may be opened and reheard: 1st. For error apparent on the face of the decree.   2d. Because of newly-discovered evidence materially varying the facts."   The plaintiff has answered the petition, contesting the demand on various grounds.   The cause was fully and ably argued before me, and has received more than usual consideration on account of its importance, not only to the parties concerned, but to the public, on account of the principles involved.

Upon the first ground—error apparent on the face of the

decree—it appears to me the petitioner is concluded by the principles decided in *Carr* v. *Green* (*Rich. Eq. Cas.* 407), where the court considered the question: "Whether the court will grant a rehearing, or bill of review, when a case has been heard and decided upon its merits by the Court of Appeals, upon any other ground than newly-discovered evidence since the trial?" After a review of all the cases prior to that, the court determined the question in the negative.. "A decision of the highest tribunal of the country," says the court, "must necessarily constitute the law of the case."

The first of the cases referred to was *Burn* v. *Poag*, 3 DeS. 596. There it is said the court has had occasion to consider these applications for rehearing, and it has formed an opinion that it is not at liberty under the present organization, after a full and final decree, to open cases for rehearing, though it has in a few instances corrected palpable errors arising from misstatements, oversight, or misapprehension. This case was followed in *Haskell* v. *Raoul*, 2 *Tread.* 896; and in same case upon a new application to the Court of Appeals, 1 *McCord Ch.* 22; in *Perkins* v. *Lang*, reported in a note at p. 31; in *Blair* v. *Farr*, MSS. Dec., 1824. In *Manigault* v. *Deas, Bail. Eq.* 296, this point was regarded as settled and that "both policy and the safety of suitors require that it should not be open for argument."

Although these cases are based mainly on the terms of the statutes establishing the courts which declare that their decrees shall be final, yet in principle they would seem to apply as well to the courts as at present constituted. The decrees of our present Supreme Court are as final as were those then existing. Moreover, this practice is said in *Carr* v. *Green* to be conformable with that of all the courts in England and the United States, the organization of which bears analogy to ours, which dictum is sustained by authorities both English and American.

2. There is no doubt that, upon a proper case made, a rehearing will be granted on the ground of newly-discovered evidence. All the cases cited evinced this: "The party must show some tangible and substantial fact constituting of itself a

defence, of which the evidence had come to his knowledge since the trial, not particles of testimony, as they are called, or cumulative testimony. . . . To this must be added, that the party had no means of discovering the fact by the exercise of close diligence."

The petitioner here has brought himself fully within the rule as thus laid down, if we accept the reasoning of the court in *Vandermissen's case,* 5 *Rich. Eq.* 519, which is fully justified by the authorities there cited. In that case the papers, whose discovery was made the ground of the application for leave to file a bill of review, had been in the possession of counsel for this petitioner during and before the trial, but, being in the French language, folded and not endorsed, had been overlooked and not discovered until after the original cause had been determined. It was contended that this could not be considered newly-discovered evidence; but Judge Colcock, delivering the opinion of the court, said : " I think neither the rule nor the reason of the rule go so far. A man may have possession of a paper and not know it; and the affidavits are satisfactory to that point. In the most guarded exercise of the power of reviewing cases, it is only necessary to ascertain that no imposition is attempted to be practised on the court as to the knowledge of the existence of the evidence offered. If the paper was not examined (or was not seen, being among others not thought to be important), it is a case of newly-discovered evidence. . . . It is a case I conceive, too, differing widely from those cases which speak of one having possession of a paper not being entitled afterwards to use it. There are cases where the person having the possession also had a full knowledge of its contents, and through culpable negligence or forgetfulness failed to produce it."

I think, therefore, that the proofs presented are such as to entitle the petitioner to the rehearing sought, if the application be properly made to this court.

This brings me to a very important question, Can a single judge, sitting in the Circuit Court, open a decree of the Supreme Court and grant a rehearing of the matters determined by it ? In *Simpson* v. *Downs* (5 *Rich. Eq.* 425) it is said of

the late Court of Appeals in equity that it only entertained appellate jurisdiction; no case could come before it except upon appeal; that the court was concluded by its organization from entertaining a petition for leave to file a bill of review, because that would be to assume original jurisdiction, and the court accordingly dismissed the petition.

It is contended for the petitioner that the Supreme Court, too, has only appellate jurisdiction, and that an application there would only result in a dismissal of the petition for the want of jurisdiction. If this is correct, it would follow that this court is the proper forum for the exercise of this extraordinary power. In *Simpson* v. *Downs* there had never been any decision by the Supreme Court, and the application was only to reconsider a Circuit decree.

There can be no question, therefore, that it should have been read to the Circuit Court, and the petition was rightly dismissed by the Court of Appeals. But the ground of the decision, if applied to cases which had been heard and decided in the Supreme Court, would exclude that court from the power to correct any errors in their decisions after they had been rendered, and to confer that necessary jurisdiction upon a single Circuit judge. This would be a manifest inconsistency, and most dangerous in practice. While the Supreme Court may have no original jurisdiction of this sort, it must have all the powers necessary and proper to protect it in the exercise and administration of its appellate jurisdiction. Independently of the grant of supervisory powers over other courts contained in the constitution, it would, as an incident to its character as a court of final appeals, have the power to compel subordinate courts to execute its mandates in appeal cases. In order to maintain its jurisdiction when it has once attached, it must have the power to follow its judgments to the court below, and to secure to litigants their rights thereunder. One of those rights is, upon presentation of a proper case to have the judgment opened and the matters therein decided reviewed.

Where shall the application for this purpose be made? The judgment to be opened is that of the Supreme Court, over which the Circuit Courts can exercise no power but to enforce

it (code, § 12). It is remitted to them only for that purpose; it is not their judgment, but that of the Supreme Court, whose mandate in regard thereto they must obey. They may open their own judgments, in proper cases; but those of the Supreme Court they must enforce as directed. It would seem to follow, beyond a doubt, that if the judgment of the Supreme Court is to be opened at all, and the matters concluded thereby be again litigated, it must be done upon leave granted by the Supreme Court.

In the Supreme Court of the United States, a court of precisely analogous powers and constitution as ours in relation to this subject, having appellate jurisdiction only, it has been held that after an appeal a bill of review does not lie for any cause without leave of the Appellate Court. *Southard* v. *Russell*, 16 *How.* 547. There is no distinction in this respect between an application to file a bill of review when necessary, and for a rehearing, when the case is in such a condition as to make the latter a proper application. This question has never been expressly decided or considered by the courts of this state.

I can find no instance in which a Circuit Court has exercised the power of opening a judgment after the decision of an appeal. Petitions of this character have sometimes been filed in the Appellate Court, and sometimes in the Circuit Court, since the establishment of a separate Court of Equity Appeals in 1808. Of the cases filed in the Appellate Courts may be cited *Haskell* v. *Raoul*, 2 *Tread.* 894; the same case, 1 *McC. Ch.* 22; *Ex parte, Terry, Rice's Ch.* 1; *Johnson* v. *Lewis*, 1 *Rich. Eq.* 390; *Hunt* v. *Smith*, 3 *Rich. Eq.* 540. In not one of these was the objection suggested that the petitions had been filed in the wrong court. To this may be added *Carr* v. *Green*, above cited. On the other hand, in *Hinson* v. *Pickett*, 2 *Hill Ch.* 351, and *Vandermissen's Case*, 5 *Rich. Eq.* 519, this petition was filed in the Circuit Court after an appeal, and without an objection on that ground. *Simpson* v. *Downs* has been decided since these cases, and has been followed in the later cases, in none of which, however, had there been a decision in the Appellate Court before application made.

In *Tomlinson* v. *Tomlinson*, 10 *Rich. Eq.* 300, an appeal

was taken by the plaintiff, and also a petition filed for a rehearing of the Circuit decree.    They then moved the Appeal Court to stay the argument of the appeal until they could present their petition in Circuit.    In granting the order the court said : "If the appeal be heard *it will preclude* the consideration of the petition upon Circuit."    Upon this ground, therefore, the motion was granted.    This would seem to imply that in the opinion of that court the Circuit Court could not entertain a petition of that character after the decision of the case by the Appeal Court.    I am unwilling, unless I could find express authority controlling me, to assume the responsibility of opening a case already determined by the Supreme Court, without a reference to that tribunal.    I find no such authority, but the reverse.    The case of *Southard* v. *Russell* was considered by a court of the highest authority, and ought to govern here, unless we had some decision directly upon the point opposed to it.

That case refers to *Stafford* v. *Bryan*, 1 *Hen. & Munn*, 46. which held on the authority of *Barbon* v. *Searle*, 1 *Vernon*, 416, that the court cannot entertain a bill of review, after a final decree of the court, for the correction of errors.    And counsel in this case have furnished me a reference to a case noticed in the *Reporter* as having been decided in the United States Circuit Court for the Southern District of New York during the present year—*Hancock Ins. Co.* v. *Manning*, where it was held, "that after decision of the case by the Supreme Court the Circuit Court cannot grant a motion for a new trial on the ground of newly-discovered evidence, but must execute the mandate of the Supreme Court."

I do not consider the cases of *Pringle* v. *Sizer*, 7 *S. C.* 131 ; *Knox & Gill* v. *S. C. R. R. Co.*, 5 *S. C.* 73, and *Whaley* v. *Bank of Charleston*, *Id.* 262, as affecting the question.    They decide that after the *remittitur* of a case to the Circuit Court the Supreme Court loses jurisdiction, so that it cannot grant a rehearing in that court.    This very rule consists with the view presented, that though the rehearing of the review cannot be had in the Court of Appeals, in fact can only be had in the Circuit Court, yet leave to open a judgment for a review or

rehearing must first be had in the Supreme Court, when the judgment has been rendered by that court.

In *Pringle* v. *Sizer* the court says: "Strictly speaking, after a cause has been once remitted, this court loses all jurisdiction over it. . . . The Circuit Court, on the remittance of a case, is bound to follow the directions of the Appellate Court; it cannot change, alter, or modify them, or allow new issues." The application there was for a re-argument on the ground of error in the judgment of the Supreme Court.

In *Whaley* v. *Bank of Charleston*, a petition was filed in the Supreme Court, asking leave to file a bill of review or a bill in the nature of a bill of review, after a judgment had been rendered by the Supreme Court and remitted to the Circuit Court. The language of the court is guarded: "Even assuming our right to control the judgments of the court, so as to subject them to our review and reversal, we see nothing in the matter before us to require our interference. We take occasion here to refer to what was said in *Knox & Gill* v. *S. C. R. R. Co.*

Here is what was said in that case, which was an application to the Supreme Court for a rehearing by that court of a judgment already rendered but not remitted: "It is not our purpose now to prescribe any rule for the re-examination, on the mere petition of parties, of a final judgment duly pronounced and filed. Whatever may be our views in regard to any control which we may be authorized to exercise over the judgments and decrees of the court, or how far *ex mero motu* we are to reconsider them, we will announce when a proper case may so require." This language is adopted by the Supreme Court in the case of *Whaley* v. *Bank of Charleston*, and is the last utterance of the court on the subject which has come to my knowledge. It is, therefore, evident that the rule has not yet been established.

This case will furnish the opportunity. It is evident that the power must rest somewhere. I cannot suppose, in a case like this, it lies with the Circuit Court, whose duty it is to obey the mandates of the Supreme Court, not to review or reverse them. Such a ruling, in the language of Chancellor Gaillard

in *Lang* v. *Perkins,* involves this inconsistency : " That after a case has been solemnly determined by this (appeal) court in the last resort, a single judge in the Circuit Court might cause the decision to be again brought into question. This cannot be." The petition cannot be entertained without leave of the Supreme Court first had. Ordered, that the petition herein be dismissed.

The opinion states the grounds of appeal.

Mr. *W. S. Monteith,* for appellant.

Messrs. *W. H. Parker, L. W. Perrin,* contra.

May 12, 1882. The opinion of the court was delivered by

Mr. Justice Fraser. This was a petition in the Circuit Court, to reopen and rehear a judgment or decree of the Circuit Court modified by the Supreme Court. The original cause in which the petition was filed was heard on circuit at Abbeville, in April, 1879, on the report of a special referee and exceptions. The decree of the Circuit judge was filed December 18, 1879, and both parties appealed to the Supreme Court. The case was heard in the Supreme Court, and the judgment of the Supreme Court was filed, July 30, 1880, by which the Circuit decree was modified. The remittitur was filed in the Circuit Court August 31, 1880. This petition for a rehearing was filed in the Circuit Court September 14, 1880.

The grounds on which the petition is based are : 1. For error apparent on the face of the judgment : 2. Because of newly-discovered evidence materially varying the facts ; and the petition prays that the original cause may be recommitted to the referee, to restate the accounts with instructions to inquire as follows to wit, into certain items of the account as to which it was alleged that there was error in the report as confirmed by the decree. The Circuit judge held that after there had been an appeal in the cause, and after a hearing, a judgment rendered thereon, and the remittitur filed in the Circuit Court, there could be no rehearing of the cause, or permission given to file a bill of review except for newly-discovered evidence ; and that under such circumstances the Circuit

Court had no jurisdiction to make an order for a rehearing, or for leave to file a bill of review, even for after or newly-discovered evidence; that the judgment of the Supreme Court, the highest appellate tribunal, was final and conclusive on the Circuit Court.

From this judgment on the petition an appeal has been taken to this court: 1. Because it is respectfully submitted, that his Honor erred when he held that he did not have the jurisdiction to grant the relief sought. 2. Because it is respectfully submitted that his Honor erred when he held that the petition sought to alter and review a decree of the Supreme Court; whereas the case only went to that court in its appellate jurisdiction, and it having sent down the *remittitur*, the jurisdiction ended, and the decree was the decree of the Circuit Court.

In the argument before this court it was strenuously urged that the judgment or decree of the Circuit Court in the original cause which was modified by the judgment of the Supreme Court was not final, and was only interlocutory, and that the accounting between the plaintiff and defendant has been left open by it. It is sufficient to say, that no such question has been raised by the grounds of appeal, and it is not proper for this court to express any opinion as to the proper construction of the judgment which has been rendered. If, however, this be the correct view, it is not easy to see why this petition for a rehearing is necessary, or why all the questions which petitioner, the defendant in the original cause, desires to make cannot be raised in the ordinary way in the carriage of the original cause in the various stages of preparation and trial.

The grounds of appeal do not raise the question as to the right of the Circuit Court to order a judgment or decree to be reopened and reheard for error on the face of the decree, or for newly-discovered evidence where there has been *only a Circuit decree* which has not been affirmed or modified by the Supreme Court. The right of the Circuit Court to order a decree to be reopened and reheard for newly-discovered evidence in a case where there had been no appeal has been recently affirmed in the case of *Durant* v. *Philpot*, 16 *S. C.* 116. The only question in the case now before the court is

whether the Circuit Court has such jurisdiction in a case where the decree of the Circuit Court has been affirmed or modified by the Supreme Court on appeal.

In *Ex parte Dunovant*, 16 *S. C.* 299, this court holds the following language: " If, therefore, after a trial in the Cir-. cuit Court a party wishes to avail himself of the benefit of after-discovered evidence, his application should be made in the first instance to that court, as we have no jurisdiction to consider the question until after it has been passed upon by the Circuit Court." In *Ex parte Dunovant* there had been an appeal to the Supreme Court, the appeal heard, and the judgment of the Supreme Court rendered, and the *remittitur* sent down to the Circuit Court. While this court holds in the latter case cited that applications for a rehearing should be made originally to the Circuit Court, it does not hold that in that particular case it could have been granted there. The court did say that if heard in the Circuit Court, there were only such grounds alleged as were proper for an appeal and not for a rehearing, and might have assigned in that particular case another reason if it had been deemed necessary. The court did say what was sufficient for the purpose, and it amounted to this—that when a proper case arose the appli-· cation for a rehearing should be made in the first instance to the Circuit Court.

The authorities have been so carefully and clearly stated by the Circuit judge in the judgment from which this appeal is taken, that this court does not deem it necessary to add much to what has been said by him. It is by no means safe to hold that because the old courts of law and equity, and of appeals, exercised certain powers, that the same powers can in all cases be exercised by the courts of the present day which have succeeded them. The present courts have been created by a new constitution, and are governed by new statutes which in many respects modify their powers. The code, § 12, provides that " the Supreme Court may reverse, affirm, or modify the judgment, decree, or order appealed from in whole or in part and as to any or all of the parties; and *its judgment* shall be *remitted* to the court below to be enforced according to law."

When the judgment of the Circuit Court is simply affirmed it may seem that the judgment in the cause in which it is rendered is only a judgment of the Circuit Court unrevoked; to reverse a judgment of the Circuit Court may perhaps mean something more than merely to annul or set it aside; but when a judgment of the Circuit Court is modified by the Supreme Court it is certainly a new judgment with different provisions from the Circuit judgment. While such a judgment is the final judgment in the cause, it is difficult to see how it is merely the judgment of the Circuit Court. It is made, as in the case now under consideration, in the Supreme Court, and is made by an authority paramount to and which overrides the Circuit Court. This judgment of the Supreme Court is remitted, not to be reheard in, but to be enforced by, the Circuit Court according to law.

When a cause is heard only in the Circuit Court, that court has power in proper cases to reopen and rehear it. When a cause is heard in the Supreme Court, and before its jurisdiction ends by remitting its judgment to the Circuit Court the cause may be reheard in a proper case in this tribunal. But when its judgment is remitted to the court below, the Supreme Court loses control of the cause and the Circuit Court can only enforce it. There must be some end of litigation.

It may seem to be a hardship that in a case in which the Circuit judge thought there was a proper case for a rehearing, this court can give no relief. It must be remembered, however, that this court can only construe the law, and that it should be especially careful not to extend its control beyond the clear limits of its jurisdiction as prescribed by law. It is better that there should be cases of individual hardship than that the courts shall arbitrarily extend their jurisdiction to meet supposed necessities which may arise, if indeed this is such a case.

It is therefore ordered and adjudged that the judgment of the Circuit Court be affirmed and the appeal dismissed.