TURNER'S MOTION.

### *IN RE* STATE v. TURNER.

1. MOTION AFTER REMITTITUR SENT.—In a case involving human life, this court, after judgment of death on Circuit, approved on appeal and remittitur sent down, entertained a motion for leave to apply to the Circuit Court for a new trial on the ground of after discovered evidence.
2. NEW TRIAL ON NEW EVIDENCE.—But the showing by affidavits not having made out a *prima facie* case for the granting of such new trial on Circuit, but only offered cumulative parol testimony as to matters brought out at the trial, and not material, the motion was refused. MR. CHIEF JUSTICE McIVER *dissenting*.

This was a motion presented to this court as stated in the opinion.

*Messrs. Bomar & Simpson, Nicholls & Moore, Duncan & Sanders, Johnstone & Cromer* and *Melton & Melton,* for the motion.

*Mr. Schumpert,* solicitor, contra.

July 25, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. George S. Turner was convicted of the crime of murder and sentenced to death. From this judgment he appealed to this court, when the judgment below was affirmed, and the cause remanded to the Circuit Court for the purpose of a new day being fixed for his execution. 36 S. C., 534. When the prisoner was brought into the Circuit Court for this purpose, he interposed a motion for a new trial upon the ground of after discovered evidence. The Circuit Judge declined to entertain the motion for want of jurisdiction. An appeal was taken from this order of the Circuit Judge.

1 This court sustained the conclusion of the Circuit Judge, but in tenderness for human life, allowed the appellant to move before us on the 27th June last for leave to apply to

the Circuit Court for a new trial upon the ground of after discovered evidence.[1] This course was adopted by the appellant, and it now becomes our duty to announce our conclusion.

All that this court ever requires in such cases is that the proofs tendered shall *prima facie* support the demand. The permission to make this motion is an extraordinary advance from the earlier days of the commonwealth. In the *State* v. *Harding*, 2 Bay, 267, decided in the year 1800, the court of last resort in this State unanimously denied that one convicted of a capital offence was entitled to a new trial upon after discovered evidence, using this language: "That the discovery of new evidence after trial (which is so frequently made a ground on motions for new trials) was not a good ground for a new trial, because, on a sufficient affidavit of the absence of witnesses in criminal as well as in civil cases, the court will always postpone the trial in order to give the prisoner an opportunity to procure their attendance and be better prepared at the next court, and that it might have a very mischievous tendency, to establish a precedent of this kind, after a trial and

---

[1] This order was filed May 26, 1893, and was as follows:

PER CURIAM. In this case defendant has appealed from an order of his honor, Judge Norton, refusing to entertain jurisdiction of a motion for a new trial upon the ground of after discovered evidence, who based his refusal upon the sole ground that he had no power to do so after the former appeal in this case had been dismissed, and the case remitted to the Circuit Court for the sole purpose of having a new day assigned for the execution of the sentence heretofore imposed. While this court, for reasons which will be stated in an opinion hereafter to be filed, fully concur in the view taken by the Circuit Judge, yet, owing to the gravity of the case, and *in favorem vitæ*, judgment to that effect will not now be rendered, but the case will be retained in this court for the purpose of enabling the appellant, if he shall be so advised, to move this court, at the earliest practicable day, for leave to apply to the Circuit Court for a motion for a new trial upon the ground of after discovered evidence, in accordance with the established practice in such cases, where, pending an appeal, the appellant desires to obtain leave to make such a motion in the Circuit Court. If, however, the appellant shall fail to move this court, after due notice to the solicitor, for such leave, on the first day of the next sitting of this court, which will be on the 27th day of June next, then the present appeal will be dismissed. It is further ordered, that the clerk of this court do forthwith furnish certified copies of this order to the counsel engaged in the cause.

conviction and after all the evidence of the State had been fully disclosed; as it was easy to foresee that a man whose life was in danger would, in every case, even to gain time, make use of a pretext of this kind to create delay, but more especially by the assistance of confederates he might be enabled to procure unprincipled men to be witnesses, to contradict the evidence on the part of the State and thereby defeat the ends of justice."

But it seems, since those early days, the rigor of the law has been so abated that new trials may be granted, even after conviction, upon the ground of after discovered evidence. *State* v. *David*, 14 S. C., 428; *State* v. *Workman*, 15 *Id.*, 540; *State* v. *Chavis*, 34 *Id.*, 132; *State* v. *Price*, 35 *Id.*, 273. In each of these cases thus cited the motion was made *before* the Supreme Court had passed upon the judgment of conviction in the Circuit Court. This distinction in our decisions, together with other matters relating to this subject, will be presented in the judgment of this court, not yet filed, prepared by Mr. Justice McGowan, in the appeal from Judge Norton's refusal to entertain this motion.[1] This court, in a carefully prepared opinion delivered by Chief Justice McIver, as found in *Sams* v. *Hoover*, 33 S. C., 401, has declared: "To justify the granting of a motion for a new trial upon the ground of after discovered evidence, the moving party must establish, to the satisfaction of the court before which the motion is made, at least three facts: 1st. That the proposed new evidence was discovered after the former trial. 2d. That it could not, by the use of due diligence, have been discovered in time to be offered at the former trial. 3d. That it is material. *State* v. *Workman, supra; Durant* v. *Philpot*, 16 *Id.*, 116."

In the case at bar, the moving party has met, at least by a *prima facie* showing, the first and second requirements. What is the *status* of his showing, *prima facie*, as to *the materiality* of the after discovered evidence? We have carefully reviewed the entire case presented at the hearing of the appeal on its merits, and have most carefully studied the affidavits of the proposed witnesses. Candor compels us to admit that we are

---

[1] See next case, *infra*.

satisfied that this proposed testimony is not material, and does not warrant that the motion should be granted. Much of the proposed testimony relates to the condition of heart of the deceased to the prisoner. There was no effort at concealment of this fact at the former hearing. It was proved by the State's own witnesses that Edward H. Finger had drawn his double-barreled shot-gun upon the prisoner on the 14th or 15th November, 1889, at the time and on the occasion when the prisoner sought, in the open day, in the home of Mrs. Finger and her children, to visit the daughter whose ruin he had accomplished, and a knowledge of which ruin had just been received by her brother, the deceased, Edward H. Finger, and that the prisoner on that occasion only saved his life by springing behind a tree and drawing his pistol. The prisoner was aware of the result that might follow his illicit intimacy with his sister-in-law, for he had told her, some months before the tragedy: "When your brother Ed. finds out what I have done, I expect I will have him to kill."

It was proved by the prisoner that he knew Edward H. Finger wished to take his life; his wife and son had both so warned him. A witness, Tom Petty, had testified at the trial that Edward H. Finger had, in the city of Spartanburg, on the salesday in February, 1890, declared that he intended to take Turner's life. It was testified to by every witness examined for the State and the defence on the trial, and who was present at the homicide, that as the deceased and three others were driving their wagons laden with guano past the storehouse of Turner, on the 7th day of March, 1890, angry words passed between the deceased and the prisoner, and that Edward H. Finger first spoke such angry words; that the prisoner was standing in the door of his storehouse, and when dared into the public highway by Edward H. Finger (who was at that time standing in such highway), went out to, or near to, such highway, and immediately thereafter the homicide occurred. It is true that the prisoner at such trial testified that, after this dare from Edward H. Finger, he left his position in the door of his storehouse in order to go to his gin house. The testimony on the part of the proposed new witnesses to reinforce this peace-

ful purpose on the part of George S. Turner was very vague. Those new witnesses of the tragedy itself, J. W. Gallman, A. T. Bridgers and W. G. Johnson, add nothing that is material to what was covered at the trial by the witnesses both for the prosecution and the defence.

In an effort to make out a *prima facie* showing before this court on such a motion as the present, in order that permission may be accorded to go before a Circuit Judge to move for a new trial upon after discovered evidence, the moving party should show facts external to those which transpired at the trial. Great caution, also, must be observed by this court in passing upon such showing, "because, as it is said by a learned judge, there are but few cases tried in which something new may not be hunted up, and also because it tends to perjury." *State* v. *David*, 14 S. C., 432.

It is the judgment of this court, that the motion for leave to apply to the Circuit Court for a new trial upon after discovered testimony, be refused.

MR. JUSTICE McGOWAN. *I concur* in the result with Mr. Justice Pope. Without attempting to review the sad story, it may be enough to say, that the matter submitted to the court by affidavits, consisted of statements of verbal testimony, not offered at the trial, which for the most part was "merely cumulative;" and if offered, I cannot conscientiously say, *"would in all probability have changed the result."*

MR. CHIEF JUSTICE McIVER, *dissenting.* I find myself compelled, most reluctantly, to dissent from the conclusion reached by the majority of the court in this case. There are many considerations which induce me to regret that I cannot agree with my brethren, for whose judgment, learning, and ability I entertain such high respect. Some of these considerations it will be needless to state, while others it would be, perhaps, improper even to allude to in a judicial opinion, and I shall, therefore, confine myself simply to a statement, in brief form, of the reasons why I am unable to concur in the view taken by the majority of the court.

This court, not having been invested by the Constitution

with jurisdiction to consider or determine any question of fact in a case like this, cannot undertake, and has never undertaken, to decide whether a person who has been convicted of any offence is or is not entitled to a new trial upon the ground of after discovered evidence, for the reason that such a decision necessarily involves the decision of questions of fact. Hence, as far as this court has ever gone is to suspend the appeal, by which the Circuit Court has lost the jurisdiction of the case, and to permit a motion for a new trial, upon the ground indicated, to be made to the Circuit Court, which is invested with jurisdiction to hear and determine questions of fact. But even this will not be done unless a *prima facie* showing is first made here; and this is required for the purpose of preventing unnecessary delay in the administration of justice by motions for a new trial based upon frivolous grounds, and so manifestly unfounded as not to show even a *prima facie* ground for a new trial. Hence this court, in considering motions of this kind, has always confined itself strictly to the question whether a *prima facie* showing has been made, and has invariably declined to express any opinion as to the *sufficiency* of the showing, leaving that matter entirely to the Circuit Court, which alone has jurisdiction to decide it; and in some cases this court has expressly said that the court below, in deciding that question, was not to be influenced by the fact that this court had granted the appellant permission to make such motion.

It seems to me, therefore, that the only question is, whether the appellant has made such a *prima facie* showing as would warrant this court in suspending the determination of the case until the appellant can have an opportunity of making his application to the Circuit Court for a new trial upon the ground of after discovered evidence. Without going into any discussion of the facts disclosed by the affidavits submitted upon the hearing of this motion, which, under the circumstances, would certainly be unnecessary, if not improper, I feel bound to say that a *prima facie* showing was made; but whether sufficient to require the granting of a new trial is a wholly different question, upon which I do not feel at liberty to express, or even

indicate, any opinion. That is a matter solely for the consideration of the Circuit Court, which, no doubt, would give it all proper consideration, and would pay due regard to the wise caution found in *State* v. *Hardin,* 2 Bay, 268.

Motion refused.