## 9628

### STATE v. WILEY.

#### (91 S. E. 382.)

1. CRIMINAL LAW—APPEAL—HARMLESS ERROR—INSTRUCTIONS.—Where counsel for accused admitted that he failed to detect the errors in the Court's charge when it was read, but only discovered them after carefully examining the written charge furnished by the stenographer, the errors were harmless.

2. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—"CUMULATIVE EVIDENCE."—Newly discovered evidence, in a prosecution for murder, which would corroborate defendant's testimony, that deceased was armed and that he called defendant to the place of the difficulty instead of defendant following him, is not "cumulative," where defendant's testimony alone contradicted that offered by the State on those issues, augmenting or giving force to the evidence or increasing it by successive additions.

3. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—Lack of diligence by accused in securing the testimony at the former trial of witnesses present in Court at that time is not shown, where he did not know that the witnesses were present at the difficulty, or had any personal knowledge of it, where the witnesses were white men and the defendant colored.

4. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MATERIALITY.—In a prosecution for murder, where defendant's testimony alone contradicted evidence by the State that deceased was unarmed and that defendant followed him to the scene of the difficulty, newly discovered evidence of other witnesses corroborating defendant's testimony is material and would probably change the result.

Before RICE, J., Union, April, 1916. Reversed.

George Wiley was convicted of manslaughter, and he appeals from the judgment of conviction and from refusal of his motion for new trial.

*Mr. Macbeth Young,* for appellant.

FOOTNOTE.—As to what is cumulative evidence and its effect in criminal cases, see note in 14 L. R. A. 609-611, 46 L. R. A. (N. S.) 903-911, Ann. Cas. 1913d, 157.

*Mr Solicitor Hill* and *Mr. John K. Hamblin,* for respondent.

February 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant, George Wiley, was tried for murder at the February term of Court, 1915, before Judge Smith and a jury, and found guilty of manslaughter and sentenced to serve a sentence of eight years at hard labor. Later a motion for a new trial was made before Judge Rice on the grounds of after-discovered evidence. This motion was refused and appeal taken to this Court, the first being on exceptions made from the charge of Judge Smith, and the other from the order of Judge Rice refusing the motion for a new trial on after-discovered evidence.

As to the exceptions to the first appeal: They are three in number. At the hearing before this Court, the first exception was abandoned. The other exceptions must be overruled as being without merit and technical.

The appellant's counsel frankly admitted at the hearing on appeal that he paid particular attention to the trial Judge's charge at the hearing in the Circuit Court and failed at that time to detect any error in it and only concluded later, after carefully examining the charge when furnished by the stenographer with it, that there was error, and thereupon filed the exceptions relied on in here. This convinces us that there was no such error as was prejudicial to the defendant. If the distinguished counsel of appellant failed to detect any error, then the jury could not have been misled by the Judge's charge to such an extent as to have prejudiced the defendant, and, while the charge was not strictly in accord with the principles laid down, it

was harmless and in no wise prejudicial in the case, and these exceptions are overruled.

As to the exceptions to Judge Rice's order refusing the motion for a new trial, Judge Rice's order finds as to the evidence presented: (1) That the evidence is material. (2) That it could not with reasonable diligence have been obtained in time to present at the trial is doubtful, and that it was fatally defective in the third and fourth particulars which were: (3) It must not be merely cumulative. (4) Must be such that, if it had been presented at the trial, it would in all probability have changed the result, and secured the acquittal of the defendant.

We think his Honor was in error in finding that the evidence offered was merely cumulative. It was more than merely cumulative; it gives more testimony from disinterested witnesses and throws light on and elucidates the points at issue. "Cumulative evidence" is "augmenting or giving force" to the evidence or "increasing it by successive additions." The proposed new evidence was to contradict the State's evidence that the deceased was unarmed, and that defendant followed him, having previous to that time made threats against him, and to show that the deceased was armed, and that the defendant did not follow him, but was called by the deceased before defendant went where deceased was; that defendant made no threats. All the new evidence was in derogation of the State's testimony, and, under all facts and circumstances developed in the case, due diligence was exercised by the defendant and his counsel; the evidence was material, in that it corroborated the evidence of the defendant, who was the only witness in his behalf, who testified on the part of the defense as to the actual facts at the occurrence when the deceased was killed.

The new evidence offered could not have been ascertained by the defendant or his counsel. The defendant did not

know that the witnesses, who now come forward, were present at the scene of the difficulty and eyewitnesses thereto within sight and hearing, and had no reason to believe, even when they were in Court, that they were there other than as character witnesses. Davis and Mobley were white men, the defendant a humble colored man; and it would have been in poor taste for defendant or his counsel to have sought them out and inquired of them what they were there to testify to. They say they were on the premises where the homicide occurred and did what they could to suppress and conceal that fact. The defendant did not know they were there and had no reason to think or suspect that they were cognizant of any facts that took place that night, and no doubt, when they informed his counsel of what they knew, it was a great surprise both to the defendant and his counsel.

We think the evidence offered was newly discovered material and would probably have changed the result of the trial, and not merely "cumulative," and we think his Honor was in error in refusing the motion because the alleged newly discovered evidence was merely cumulative. The evidence offered as newly discovered is so directly applicable to the points at issue in the case, in that it gives more testimony and throws light and elucidates just how the killing took place, the condition of the parties, who was armed and who was not, who brought on the difficulty, and the mental attitude of the parties to each other, and whether or not there was a frame-up on the part of the State's witnesses to convict the defendant, that in our opinion it would amount to a denial of justice not to grant a new trial and allow the case to be retired in order that both the State and defendant get the benefit of the newly discovered evidence and arrive at a verdict with all the facts before them.

We think his Honor's finding that the particulars men-
tioned in the third and fourth paragraphs are fatally defec-
tive should be reversed, and a new trial ordered.

New trial granted.