## STATE v. TURNER.

1. MOTION FOR NEW TRIAL—JURISDICTION—APPEAL.—Motions for new trial on the ground of after-discovered evidence must be made in the first instance in the Circuit Court, but if after the case has been brought by appeal to the Supreme Court, and not yet heard, this court must be applied to to suspend the appeal, with leave to make the motion on Circuit.

2. IBID.—IBID.—REMITTITUR.—But after a defendant has been sentenced to death, his sentence affirmed on appeal and remittitur sent down, with instructions to assign a new day for the execution of the sentence, the Circuit Court cannot, without previous leave of the Supreme Court, entertain such a motion.

Before NORTON, J., Spartanburg, January, 1893.

The opinion fully states the case.

*Messrs. Bomar & Simpson, Nicholls & Moore, Duncan & Sanders, Johnstone & Cromer* and *Melton & Melton,* for appellants.

*Mr. Schumpert,* solicitor, contra.

July 25, 1893. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The defendant, George S. Turner, was indicted, tried and convicted of the murder of E. H. Finger at the July term (1891) of the Court of General Sessions for Spartanburg County, and was thereafter sentenced to be hanged on the first Friday of October of said year. The solicitor and the counsel for the defendant, waiving the necessity for a regular "Case," agreed upon the following statement of facts:

"From the judgment and sentence the defendant duly appealed to this court. On this appeal the judgment of the Circuit

Court was affirmed, and on the 2d of December, 1892, the re-mittitur affirming the judgment and remanding the case to the Circuit Court in order that a new day might be fixed for the execution of the sentence heretofore imposed upon the defendant, was duly filed in the office of the clerk of the said Circuit Court for Spartanburg County.

"Thereafter the defendant gave due notice to the solicitor of a motion for a new trial as follows: 'Please take notice that in the above stated case, we will move before his honor, Judge J. J. Norton, at 10 o'clock A. M., at Spartanburg C. H., on the 25th inst., or as soon thereafter as counsel can be heard, for a new trial herein, upon the printed case, pleadings and all proceedings herein, as well as upon affidavits, copies of which will be furnished to you. January 21, 1893.' These affidavits were thereafter duly served upon the solicitor. At the January term of the Court of-General Sessions for Spartanburg County, when the defendant was brought before the court, but before he was called upon to present himself in order that a new day might be set for the execution of the sentence heretofore pronounced upon him by the court, to wit: on the 28th of January, 1893, an attempt was made by counsel for defendant, who stated they desired to make a motion for a new trial upon said notice and affidavits. The court, upon objection being made by the solicitor to the hearing of this motion, on the ground that the court had no power or jurisdiction to hear or entertain it, after argument *pro* and *con*, refused to hear or entertain this motion, on the ground that it had no *power, discretion or jurisdiction* to do so.

"After this the defendant was called upon to present himself for sentence, and after he was called upon to state, according to the usual formula, why a new day should not be set for the execution of the sentence heretofore pronounced upon him, answered, through his counsel, that he again renewed his motion for a new trial on after discovered evidence. The court thereupon again ruled that it had no power, discretion or jurisdiction to hear or entertain it. Thereupon the court passed the following order: Notice of a motion for a new trial on the ground of after discovered evidence, together with the affida-

vits upon which it was based, having been duly served upon the solicitor, and the defendant having been brought before the court for the purpose of having a new day fixed for the execution of the sentence heretofore pronounced upon him by this court; and being there before the court, before he was called upon to present himself in order that a new day might be set for the execution of said sentence, the motion was made to the court for a new trial upon the ground of after discovered evidence. Whereupon the solicitor objected to the motion being entertained or heard by the court, upon the ground that the court had no discretion, jurisdiction or power to entertain or hear this motion, after the judgment of this court had been affirmed upon appeal by the Supreme Court, and the remittitur had been sent down to this court for the purpose of fixing a new day for the execution of the sentence heretofore pronounced upon the defendant by this court.

"The question of jurisdiction being thus raised, argument was heard upon it alone, and not upon the merits of the application or the sufficiency of the testimony contained in the affidavits to support it. After argment of counsel, *it is adjudged:* That this court has no discretion, jurisdiction or power to entertain or hear this motion after the judgment of this court had been affirmed upon appeal by the Supreme Court and the remittitur sent down, directing that a new day be fixed for the execution of the sentence heretofore imposed upon the defendant. The defendant being then called upon to present himself for sentence, and being called upon to state, according to the usual formula, why a new day should not be fixed for the execution of the sentence of this court heretofore pronounced upon him, answered, through his counsel, that he again desired to make his motion for a new trial upon the *ground of after discovered evidence,* as set forth in affidavits as hereinbefore stated, and now sought to be introduced. Whereupon it is adjudged that this court has no discretion, jurisdiction or power to hear or entertain said motion, &c. J. J. Norton, presiding judge."

His honor thereupon fixed the second day of June, 1893, as the day for the carrying out and executing the sentence of this court heretofore pronounced upon the defendant. Thereafter

the defendant appealed to this court, charging thas his honor, the presiding judge, erred in the following particulars: (1.) In ruling that he did not have the discretion, power or jurisdiction to hear or entertain the motion for a new trial. (2.) In holding that he had no power or jurisdiction, except to assign a new day for the execution of the defendant. (3.) In ruling, when the defendant was called on, according to the usual formula, to state what he had now to say why a new day should not be set for the execution of the sentence heretofore imposed upon him, that he had no discretion, jurisdiction or power to hear or entertain the motion for a new trial. (4.) In not ruling and holding that he had the power, discretion, and jurisdiction to hear and determine the motion for a new trial.

All the authorities agree that the power of courts of general jurisdiction to entertain motions for new trials existed at common law, and is inherent in them, and statutory provisions with reference to new trials should be considered rather as limitations upon, than grants of, power in the premises. Formerly in this State, by the statutory regulations, Circuit Judges did not have the power to hear motions for new trials, but such motions were always made in the then Appeal Court. But, as stated by the late Chief Justice, in the case of *State* v. *David,* 14 S. C., 431: "Since the adoption of the Constitution of 1868, the grant of power therein to the present Supreme Court does not embrace the hearing of such motions. The power to hear motions for new trials is, in its nature, *an appellate power,* and appellate jurisdiction is expressly denied to the Supreme Court, except as to cases in chancery. While this is true as to the Supreme Court of this State, yet the Circuit Courts are invested with full power on this subject. By act of the General Assembly, it is expressly declared 'that Circuit Courts shall have power to grant new trials in all cases where there has been a trial by jury, for the reasons for which new trials have usually been granted in courts of law of the United States,' " &c.

It seems to be the established general law that, under certain circumstances, the courts will order new trials on account

of *subsequently discovered evidence.* It is stated in 16 Am. & Eng. Enc. Law, 564: "Where, since the trial, the unsuccessful party has discovered new evidence which would, in all probability, have changed the result, he may move for a new trial, on the ground of newly discovered evidence. But such application is looked upon by the courts with distrust and disfavor, and is only granted under the following restrictions" [need not be stated here]. There are fixed statutory provisions regulating the ordinary motions for new trials, either on *the minutes* of the Circuit Judge, or upon appeal to the Supreme Court, for alleged error of law in the proceedings below. All these, however, relate to matters which were considered in the *first trial.* But a motion for *a new trial upon the ground of subsequently discovered evidence* being exceptional and based upon facts *outside of these*, which were considered in the first trial, is not within the ordinary machinery provided upon the subject, and, from the nature of things, must depend somewhat upon the circumstances of the case and general principles. Probably from this cause there seems to be some confusion and contrariety of opinion upon the subject, especially in reference to the following particulars: as to *when* the application shall be made, and in what court. All the authorities agree that it should be made *promptly*, before an ordinary appeal from the first judgment is taken, if the alleged facts upon which the motion is based have then been *"discovered."* When the cause has been tried only in the Circuit Court, there can be no doubt that that court has power, in a proper case, to reopen and rehear it. See *State* v. *David*, 14 S. C., 428.

If, however, an ordinary appeal to the Supreme Court from the judgment of the *first trial* has been taken, and is pending in the Supreme Court, the Circuit Court for the time has lost jurisdiction of the case, and the Supreme Court has acquired it. In that state of things, the Circuit Court cannot grant a *new trial for any cause.* But the moving party may make application to the Supreme Court *to suspend* the hearing of the appeal in the ordinary course, and *recommit* the same to the Circuit Court, to allow him an opportunity to make a motion to the Circuit Court for a new trial, upon after discovered evidence,

upon the proper *prima facie* showing being made to this court. See *Tarrant* v. *Gilletson*, 14 S. C., 620; *State* v. *Young*, 35 *Id.*, 590; *Archer* v. *Long*, *Ibid.*, 588. In the last case cited above, the court say: "It has been the practice of this court for several years *to suspend* the hearing of an appeal, and remit the cause to the Circuit Court to allow the moving party an opportunity to make a motion in the Circuit Court for a new trial on after discovered evidence, upon a proper showing being made to this court. When an appeal is filed in this court, the Circuit Court loses jurisdiction thereof, and this court assumes jurisdiction. In a case like this, therefore, in order to give the Circuit Court jurisdiction, it is the practice of this court, whenever a *prima facie* case is shown by the moving party justifying it, to suspend the hearing in the Supreme Court, so as to allow the party making the same to present to the Circuit Court his grounds for a new trial, which court alone judges of their sufficiency. What guides us is whether *the moving party has presented a prima facie case;* and we do not look into the merits of the ground," &c.

If, however (in criminal cases), such application is not made to the Supreme Court until *after* the regular appeal there has been allowed to progress to final judgment adverse to the defendant, which has been "remitted" with the record to the Circuit Court, is it then within the power or discretion of the Circuit Court to hear and determine *a motion for a new trial upon the ground of after discovered evidence?* We cannot think so. It may be that, in such case, jurisdiction is returned to the Circuit Court with the remittitur sent down; but only for the express purpose of carrying out the final judgment of this court, in having a new day appointed for the execution of the sentence previously pronounced upon the defendant. A different ruling, in the language of Chancellor Gaillard in *Lang* v. *Perkins*, cited in *Ex parte Knox*, 17 S. C., 214, involves the inconsistency: "That after a case has been solemnly determined by this court in the last resort, a single judge in the Circuit Court might cause the decision to be again brought into question. This cannot be. It would utterly destroy the symmetry of the law, tend to prolong litigation and to produce endless confusion."

37—39

It is true, that in the case of *State* v. *David*, 14 S. C., 428, *supra*, there is the sentence cited by the counsel for the defendant: "It is within the discretionary power of the court still to hear, even after judgment entered, *and even after the judgment has been affirmed on appeal*," citing as authority for the proposition the case of *McMicken* v. *Webb*, 6 How., 293 (a misprint, as we suppose, for *Mersereau* v. *Pearsall*, 6 How. Prac. Rep., 293). The record of that case shows that "it was a motion by the defendant to set aside the judgment and report of referees, and for a new trial for mistake and subsequently discovered evidence. It appears that the judgment had been appealed from and *affirmed* at the *general term*, but *not* in the Court of Appeals, the court of last resort in the State of New York, and that the opinion cited was that of *Judge Shankland, sitting sole at special term for the County of Broom;* and, therefore, the case affords no analogy whatever to one where the judgment has been *affirmed* by a court of last resort, like our Supreme Court. Besides, the point to which the remark was addressed was really *not involved in the David case*, and, therefore, was a plain *obiter dictum*.

We, therefore, concur with the Circuit Judge, that he had no power, discretion or jurisdiction to entertain and decide the motion for a new trial made before him in the Circuit Court. *No error*.

And finally, the question arises as to whether in such case there is *any power of any kind* to further consider the matter, without regard to the merits or demerits, of which, of course, we know nothing. In England, a recommendation to pardon affords the remedy for one *whose conviction should not stand.* In South Carolina, certainly there can be no *judicial relief*, without some preliminary action on the part of the Supreme Court. In the case of *Whaley* v. *The Bank of Charleston*, 5 S. C., 262, there was a petition for leave to file a bill, in the nature of a bill of *review*. The court refused the motion, using these guarded terms: "Even assuming our right to control the judgments of the court, so as to subject them to our review and reversal, we see nothing in the matter before us to require our interference," &c. In the case of *Knox & Gill* v. *R. R. Com-*

*pany*, 5 S. C., 74, the court said: "Whatever may be our views in regard to any control which we may be authorized to exercise over the judgments and decrees of the court, or how far *ex mero motu* we are at liberty to reconsider them, we will answer when a proper case may so require," &c.

It would seem, therefore, that in the opinion of eminent judges, there may exist some power in the courts to control even after final judgment; but, as said by Judge Kershaw in *Ex parte Knox*, 17 S. C., 214: "While it is evident that the power must rest somewhere, it is as evident that the rule has not been established." This court heard an application in behalf of the defendant, for leave to apply to the Circuit Court for an order granting a new trial, upon the ground of after discovered evidence, in accordance with the established practice in such cases, where, pending an appeal, the appellant desires to obtain leave to make such a motion in the Circuit Court. That motion a majority of the court felt constrained to refuse; and the only duty now remaining for the court to discharge, is the painful one of making the final orders.

It is the judgment of this court, that Judge Norton's order, refusing a motion for a new trial on the Circuit, be affirmed, and that the case be again remanded to the Circuit Court, in order that a new day may be assigned for the execution of the sentence heretofore imposed upon the defendant.