STATE v. WAY.

1. New Trial on New Evidence—Supreme Court—Circuit Court—Case Criticised.—Where the sentence of death has been affirmed on appeal, and the case remitted to the Circuit Court for the purpose of assigning a new day for the execution of the sentence, the Circuit Court has no power to entertain a motion for new trial on the ground of after-discovered evidence without leave of this court. And this is so, not only where the motion is made before the new assignment, as in State v. Turner, 39 S. C., 420, but also where, as in this case, the motion, though noticed before such new assignment, was not heard until afterwards.

2. Ibid.—Ibid.—Ibid.—After the affirmance of the judgment of the Circuit Court and the *remittitur* sent down, the Supreme Court loses its jurisdiction of the case, but it may reacquire jurisdiction by a second appeal from a subsequent order of the Circuit Court, and then entertain a motion for leave to apply on Circuit for a new trial.

3. Ibid.—Ibid.—Ibid.—As a motion for new trial on the ground of after-discovered evidence necessarily involves the determination of questions of fact, such motion must always be made in the first instance to the Circuit Judge; but this court may suspend a pending appeal and give leave to the Circuit Court to entertain the motion, where a *prima facie* showing is here made. Whether the showing is sufficient, must be determined by the Circuit Court uninfluenced by the ruling of this court as to its *prima facies*.

4. Ibid.—Ibid.—Ibid.—Adjudging the showing in this case to be *prima facie*, the appeal was suspended, with leave to move on Circuit for a new trial on the ground of after-discovered evidence.

Before NORTON, J., Orangeburg, September, 1893.

This was an appeal by defendant from an order of Judge Norton in the case of State against Jefferson M. Way, and a motion made to this court pending such appeal for an order staying the appeal, and giving leave to appellant to move on Circuit for a new trial, on the ground of after-discovered evidence.

*Messrs. Glaze & Herbert, Raysor & Summers*, and *S. G. May-field*, for appellant.

*Mr. Jervey*, solicitor, contra.

January 2, 1894. The opinion of the court was delivered by

Mr. Chief Justice McIver. The defendant, after having been tried and convicted of the murder of Elliott W. Whetstone at the May term of the Court of General Sessions for Orangeburg County, in the year 1892, duly appealed to this court. His appeal was heard during the November term for 1892 of this court, and on the 23d of February, 1893, the judgment of this court was rendered, affirming the judgment of the Circuit Court, and remanding the case to the Circuit Court for the purpose of having a new day assigned for the execution of the sentence originally imposed.[1] Prior to the May term of the Court of Sessions for Orangeburg County, in the year 1893, the defendant gave notice, based on accompanying affidavits, of a motion to that court for a new trial, upon the ground of subsequently discovered evidence. For some reason not stated the hearing of this motion was postponed until the next succeeding term, September, 1893, and a new day, to wit, 17th of November, 1893, was assigned for the execution of the original sentence. When the motion for a new trial came up before his honor, Judge Norton, at the September term, 1893, he declined to hear the motion, upon the ground "that the Circuit Court has no jurisdiction to hear a motion for a new trial, on the ground of after-discovered evidence, after an appeal to the Supreme Court and an affirmance of the judgment appealed from, and the case has been remanded for the purpose of assigning a new day for the execution of the sentence, and such new day has been assigned by the Circuit Court," referring to the recent case of *State* v. *Turner*,[2] heard by the same judge, in which he had given his grounds for the conclusion adopted by him; saying that he was unable to distinguish this case from that of Turner. From this judgment the defendant

[1] See 38 S. C., 333.
[2] See 39 S. C., 420.

appeals, upon the several grounds set out in the record, which really make the single question whether the Circuit Judge erred in declining to take jurisdiction of the motion.

Pending this appeal, a motion has been made to this court to suspend this appeal, for the purpose of enabling the appellant to apply to the Circuit Court for a new trial, upon the ground of after-discovered evidence; and this is the only matter which we propose *now to decide*, though it will be necessary to discuss, incidentally, the question whether the Circuit Judge erred in declining to take jurisdiction of the motion heard by him at September term, 1893.

If this case cannot be distinguished from Turner's case, then it is clear that there was no error on the part of the Circuit Judge. It will be observed that the case of the *State* v. *Turner* has been several times before this court. 36 S. C., 534, 608; 39 *Id.*, 414, 420. From a careful examination of the several phases of that case, we are unable to discover any material difference between that case and the one now under consideration, so far as the question which we are now called upon to determine is concerned. The only difference between that case and the one now before us is, that in the former the motion for a new trial upon the ground of after-discovered evidence was submitted to the Circuit Court, by leave of this court (for which purpose the appeal from a similar order as that appealed from here was suspended), before a new day was assigned by the Circuit Court for the execution of the original sentence, while here, though the motion was submitted before the new day was actually assigned, it was not actually heard (the hearing having been postponed to the next succeeding term) until after the new day was assigned. This is an immaterial difference, and cannot affect the question of jurisdiction. As was held in *State* v. *Merriman*, 34 S. C., 576, the Circuit Court, in assigning a new day, is merely carrying out the mandate of the Supreme Court, and its action in that respect is not appealable, as there can be no error of law in assigning one day rather than another.

It seems that counsel, by their argument of this appeal, seek to assail the correctness of the action of this court in Turner's

case rather than to show that this case is distinguishable from that case. But the important fact that there may be two appeals in the same case has been overlooked. While it may be true, that after this court has determined an appeal, and its judgment has been duly remitted to the Circuit Court for the purpose of having its judgment carried into effect, this court thereby loses its jurisdiction, and can not, therefore, grant any order in the cause, yet it is equally true, that this court may again acquire jurisdiction by another appeal. This is exactly what was done, both in Turner's case and in the present case. When the original appeals were determined by this court, and its judgments duly remitted to the Circuit Court, this court thereby lost its jurisdiction, and the Circuit Court thereby regained its jurisdiction, only for the purpose of carrying out the mandates of the Supreme Court. But if the Circuit Court is then called upon to take any other action in the premises, and either refuses or undertakes to exercise such jurisdiction, its action is reviewable by appeal, and when such appeal is perfected, this court again acquires jurisdiction of the matter appealed from, and having thus regained jurisdiction, may make such order, within its jurisdictional limits, as may be deemed proper.

But as the Supreme Court has not been invested with power to determine questions of fact, except in a class of cases to which the present case does not belong, and as the determination of a motion for a new trial upon the ground of after-discovered evidence, necessarily involves the determination of questions of fact, though questions of law also may sometimes be involved, it is very obvious that this court has no power to decide such a motion. And as the Circuit Court cannot exercise any jurisdiction in a case while an appeal is pending, the practice has been adopted, from the necessity of the case, of suspending the appeal for the purpose of enabling the moving party to apply to the Circuit Court, a tribunal which is invested with the power to determine questions of fact, for a new trial upon the ground of after-discovered evidence, provided a proper showing is made to this court for that purpose. The only inquiry for this court is whether the

appellant has made a *prima facie* showing, leaving it entirely for the Circuit Court to determine whether the showing made is *sufficient*, uninfluenced by the fact that this court has determined that a *prima facie* showing has been made here, for such *prima facie* showing may be rebutted or overthrown by the showing before the Circuit Court. Hence that court, in considering the motion for a new trial, should regard the matter as *res integra*, and without being in any way influenced by the fact that this court has granted permission for the motion to be made to the Circuit Court.

The only inquiry, therefore, is whether such a showing has been made here as will warrant this court in permitting the appellant to move the Circuit Court for a new trial, upon the ground of after-discovered evidence, and in the meantime suspending the appeal, until the result of such motion in the Circuit Court has been certified to this court. Without going into any discussion of the facts stated in the affidavits submitted, which, perhaps, would be improper, as tending to prejudice the one party or the other, it is sufficient for us to say that we think the required showing has been made here.

It is, therefore, ordered, that the appellant have leave to apply to the Circuit Court for a new trial, upon the ground of after-discovered evidence; and that the result of such motion be certified to this court by the Circuit Judge before whom the motion is made, and for this purpose that the present appeal be suspended until the coming in of such certificate.

