STATE v. EZZARD.

1. APPEAL—HEARING EX GRATIA.—In the absence of exceptions to, and notice of appeal from, an order of the Circuit Judge refusing a motion for new trial on the ground of after-discovered evidence, made before him after judgment of conviction had been affirmed on appeal, and in the further absence of notice of any motion to suspend appeal, there is nothing properly before this court; but on written consent of the State's attorney that the papers on file, stating that these several steps had been taken, should be received as an agreed case, this court *ex gratia*, personal liberty being involved, but reluctantly, considered the motion.

2. NEW TRIAL ON NEW EVIDENCE.—The after-discovered evidence being facts known to the defendant and his wife, who did not testify at the trial, and

facts since discovered from witnesses beyond the jurisdiction of the courts of this State, no such *prima facie* showing has been made as would proba- bly change the result, and, therefore, make it proper to grant the motion.

3. IBID.—Where matters were known to a defendant before the hearing of his appeal, but not acted upon until after remittitur sent down, he cannot then ask to have them considered as ground for new trial, as such motion should be made promptly.

4. IBID.—POWER OF CIRCUIT COURT.—After judgment of conviction affirmed and the case remanded, the Circuit Judge is without power to grant a new trial.

Before NORTON, J., Barnwell, March, 1894.

Motion by defendant for new trial on the ground of after-discovered evidence, made on Circuit after the decision in 40 S. C., 312, and, on appeal from the order refusing such motion, renewed in this court.

*Messrs. Robert Aldrich* and *W. P. Price,* for appellant.

*Mr. Bellinger,* solicitor, contra.

June 11, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The appellant was indicted for and convicted of the offence of a breach of trust with a fraudulent intent; and from the judgment rendered he gave due notice of appeal, and the same was heard by this court during November Term, 1893. On the 2d January, 1894, the judgment of this court was duly filed, dismissing said appeal and affirming the judgment of the Circuit Court, and the same was duly remitted to the Circuit Court. At the succeeding term of that court the defendant gave notice of a motion for a new trial upon the ground of after-discovered evidence, based upon the record in the case and certain affidavits annexed to the notice of the motion. This motion came on to be heard before his honor, Judge Norton, who held that he had no jurisdiction to determine such a motion at that stage of the case, and upon that ground refused the motion. From the order refusing such motion, it is claimed that the defendant appealed, though, in the papers filed here as the return, we are unable to

find any notice of appeal, nor do we find any exceptions to the order of Judge Norton. We are also unable to find in the record any notice of a motion, to be addressed to this court, for an order suspending the last mentioned appeal, and granting leave to appellant to move the Circuit Court for a new trial upon the ground of after-discovered evidence. These omissions would be fatal to the application now made to this court; but as the case is a grave one, involving personal liberty, and as the solicitor has consented in writing to an order submitting the case on the record as it stands, in which it is recited that the defendant has appealed from the above mentioned order of Judge Norton and has perfected such appeal, and that he has served a notice of a motion for an order suspending such appeal, for the purpose of enabling the defendant to move the Circuit Court for a new trial upon the ground of after-dis-covered evidence, we have concluded, with some reluctance, and with the distinct declaration that this is not to be drawn into a precedent, to hear the motion on its merits.

It is now well settled that in cases like the present this court will, upon a proper showing, suspend the hearing of an appeal, with leave to appellant to move before the Circuit Court for a new trial, upon the ground of after-discovered evidence. See *State* v. *Way,* 40 S. C., 294, and *State* v. *Turner,* 39 *Id.,* 414, 415, and 420. But to obtain such an order it is necessary for the appellant to make a *prima facie* showing before this court. After a careful examination of the affidavits submitted, we are compelled to say that we do not think that they afford such a *prima facie* showing as would warrant this court in suspending the present appeal, for the purpose of enabling the defendant to move before the Circuit Court for a new trial upon the ground of after-discovered evidence. The affidavit of T. W. Ezzard, the defendant himself, in which he undertakes to give a detailed account of his connection with the transactions out of which this prosecution arose, certainly cannot be considered, as it cannot be pretended that the facts which he states were discovered after the trial below. He was then afforded an opportunity to testify, which, for some reason, he did not avail himself of; and, therefore, nothing that he

states now can be considered except his statement that he has since discovered that he could prove certain facts by witnesses residing in Georgia, beyond the jurisdiction of the courts of this State. The same remarks may be made as to the affidavit of his wife.

As to the facts stated in the affidavit of John B. Norman, jr., concurred in to a certain extent by the Rev. J. M. Norman, we cannot say that they "would, in all probability," change the original result of the trial. Besides, both of these affiants are beyond the jurisdiction of the courts of this State, and we, therefore, can have no *legal* assurance that their testimony can be procured; for while it is true that one of them has expressed his willingness to come to South Carolina, yet, as the court has no means of enforcing their attendance, it seems to us that it would be a bad precedent to establish to grant such a motion as this is merely upon the expectation that a witness will voluntarily attend the court and testify.

In addition to this, the rule requires that such an application as this should be made *promptly*, and it appears from the affidavit of Mr. Price, one of the counsel for defendant, that this alleged new evidence was discovered in time to have been used as a basis for a motion like the present, before the hearing of the original appeal.

It is only necessary to add that the ruling of Judge Norton, which constitutes the basis of the present appeal, is fully sustained by the cases of *State* v. *Turner* and *State* v. *Way, supra.*

The judgment of this court is, that the motion to suspend the present appeal, with leave to apply to the Circuit Court for a new trial upon the ground of after-discovered evidence, be refused; that the order of Judge Norton be affirmed, and that the case be remanded to the Circuit Court, for the purpose of carrying into execution the judgment of that court heretofore rendered.