## STATE v. ADAMS.

NEW TRIAL—MURDER—JURISDICTION.—After judgment of this Court affirming judgment of Circuit Court in murder case, remanding case with instructions to assign a new day for execution of sentence, Circuit Court is without jurisdiction to entertain a motion for new trial on after-discovered evidence without leave of this Court; and this question can be made for the first time in this Court by the State on appeal from order of Circuit Court granting new trial on after-discovered evidence.

Before TOWNSEND, J., Colleton, March, 1905.   Reversed.

Motion in Circuit Court for new trial on after-discovered evidence, in *State* v. *R. A. Adams.*   From order granting motion, State appeals.

*Solicitors James E. Davis* and *W. St. Julian Jervey,* for appellant.

*Solicitor Davis* cites: *Question of jurisdiction can be made here:* 19 S. C., 218.   *Circuit Court had no jurisdiction of motion:* 14 S. C., 428; 39 S. C., 420; 40 S. C., 294.

*Solicitor Jervey* cites: *Jurisdictional question can be made here:* 19 S. C., 218; 25 S. C., 385; 27 S. C., 331; 28 S. C., 313; 70 S. C., 288.   *Court below is without jurisdiction of motion:* 39 S. C., 420; 39 S. C., 414; 40 S. C., 294; 41 S. C., 506, 522.

*Messrs. Howell & Gruber,* contra, cite: *Remittitur carried jurisdiction to Circuit Court:* 3 S. C., 337; 5 S. C., 262; 14

S. C., 584; 16 S. C., 300, 261; 17 S. C., 217, 264; Crim.
Code, 72; 33 S. C., 403. *No objection having been urged
below to jurisdiction, it is waived:* 3 S. C., 335.

March 8, 1906. The opinion of the Court was delivered
by

MR. JUSTICE JONES. The defendant, R. A. Adams, in-
dicted for the murder of Henry Jaques, was convicted and
sentenced to death. A motion for a new trial was made in
the Circuit Court and refused. On his appeal to the Su-
preme Court said judgment was affirmed and the case re-
manded to the Circuit Court, "for the purpose of having a
new day assigned for the execution of the sentence heretofore
imposed." *State* v. *Adams,* 68 S. C., 421, 429, 47 S. E.,
676.

Upon the call of the case at the March Term, 1905, of
the Court of General Sessions for Colleton County, the solici-
tor moved for judgment in accordance with said judgment
of the Supreme Court. In the meantime, the defendant's
counsel had served the solicitor with notice of a motion
before Judge Townsend, presiding Judge, for a new trial on
after-discovered evidence, upon the record in the case and
upon annexed affidavits. The solicitor resisted the motion
upon other grounds, but raised no question as to the power
of the Court to hear and determine said motion. The Circuit
Court granted the motion for a new trial and the State now
appeals.

The exceptions raise two questions: 1. Whether the Cir-
cuit Court had jurisdiction to grant a new trial on after-
discovered evidence after judgment of the Supreme Court
affirming the judgment of the Circuit Court and remanding
the case for the assignment of a new day for execution. 2.
Whether the showing made furnished a proper case for new
trial.

The first question is conclusively settled in favor of ap-
pellant by the cases of *State* v. *Turner,* 39 S. C., 420, 17 S.
E., 885; *State* v. *Way,* 40 S. C., 294, 18 S. E., 676, and

*State* v. *Ezzard,* 41 S. C., 525, 19 S. E., 854—the two first named of which held that, after judgment of conviction in the Circuit Court and affirmance thereof by the Supreme Court, with instructions to assign a new day for execution of the sentence, the Circuit Court has no jurisdiction to entertain such motion without previous leave of the Supreme Court. The jurisdiction acquired by the Circuit Court when the remittitur is sent down is only for the purpose of carrying out the final judgment of the Supreme Court.

It is contended, however, that inasmuch as no such objection was raised by the solicitor when the motion for new trial was made on Circuit, that such objection cannot be urged now. This, however, is not one of those questions of procedure, or jurisdiction of the person, which might be waived by failure to raise timely objection, but is a question of jurisdiction of the subject matter, which cannot be waived and may be urged for the first time in this Court, as consent can not confer such jurisdiction. *Ware* v. *Henderson,* 25 S. C., 385; *Bell* v. *Fludd,* 28 S. C., 313, 5 S. E., 810; *Kirven* v. *Scarborough,* 71 S. C., 294.

The Circuit Court being without jurisdiction, it is wholly unnecessary to consider whether that Court otherwise committed error in attempting to exercise jurisdiction.

The defendant has not asked this Court to suspend the appeal herein, with leave to apply anew to the Circuit Court to grant a new trial on after-discovered evidence, as was recently done in the case of *State* v. *Palmer Cresswell, per curiam* order, filed February 2, 1906, and this Court will not upon the record *sua sponte* make such order.

The order of the Circuit Court is reversed for want of jurisdiction, and the case is remanded to the Circuit Court for the purpose of having a new day assigned for the execution of the sentence in conformity with the former judgment of this Court.