## 7235

## STATE v. ADAMS.

1. JURISDICTION—COURT EN BANC.—A question of jurisdiction litigated
   and decided by the Court *en banc* is binding on all the parties to
   the cause, although the same Court in another case later decided the
   same question the other way.
2. IBID.—REMITTITUR.—The control of this Court over a case ends when
   the remittitur goes down.

3. JUDGMENT—COURT EN BANC.—THIS COURT cannot set aside or in any
wise lessen the force and effect of a judgment rendered by the
Court *en banc.*

Motion in the original jurisdiction of this Court by R. A.
Adams in case of State v. himself to have the Court declare
void its judgment in this case in which it reversed the Cir-
cuit judgment granting him a new trial.

*Mr. W. B. Gruber* for the motion.

*Solicitor J. B. Peurifoy,* contra.

July 16, 1909.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The petitioner, R. A. Adams, was
convicted of murder and sentenced to death at the March,
1903, term of the Court of General Sessions for Colleton
county.  On appeal to this Court, the judgment of the Cir-
cuit Court was affirmed and the cause was remanded to the
Circuit Court, for the purpose of having a new day assigned
for the execution of the sentence.  68 S. C., 421, 47 S. E.,
676.  Afterward, when the cause was called at the March,
1905, term of the Court of General Sessions, the solicitor
moved for the re-sentence of the defendant, and defendant's
counsel, in pursuance of a notice previously served, moved
for a new trial on after-discovered evidence.  Judge Town-
send, who was presiding, granted the motion for a new
trial.  On appeal from this order it was adjudged that,
after the affirmance by this Court of the judgment of the
Circuit Court, that Court had no jurisdiction to hear a
motion for a new trial, or to do anything except assign a
new day for the execution of the sentence.  Accordingly,
the order granting a new trial was reversed, and the cause
again remanded to the Circuit Court that a new day might
be assigned for the execution of the sentence.  73 S. C.,
435, 53 S. E., 538.  This decision was made on the

authority of *State* v. *Turner,* 39 S. C., 420, 17 S. E., 885; *State* v. *Way,* 40 S. C., 294, 18 S. E., 676; *State* v. *Ezzard,* 41 S. C., 525, 19 S. E., 854.

After the judgment was filed the remittitur was stayed by order of one of the Justices of the Supreme Court, so that the defendant's counsel might make a motion before the Supreme Court for suspension of the appeal, with leave from the Supreme Court to move before the Circuit Court for a new trial on after-discovered evidence, in accordance with the practice then prevailing, as laid down in *State* v. *Turner, supra.* This motion was heard by the Court *en banc,* and, after full consideration of the affidavits, setting out the alleged newly discovered evidence, the Court adjudged that such *prima facie* showing had not been made as would warrant the Court in granting the defendant leave to make a motion before the Circuit Court for a new trial. The judgment announcing this conclusion, and again remanding the case to the Circuit Court for the purpose of having a new day assigned for the execution of the sentence, was filed on the 4th day of September, 1906. 78 S. C., 523, 60 S. E., 658. After a new day had been fixed by the Circuit Court for the execution of the sentence, the governor of the State commuted the sentence to life imprisonment in the State penitentiary.

This statement of the history of the case makes it obvious, without argument, that under the general principles of law the alleged right of the defendant, Adams, to a new trial on the alleged after-discovered evidence submitted to the Court should be regarded finally adjudicated against him.

The defendant's counsel, contending that the general rule is not applicable, has now filed his petition, asking the Supreme Court to pronounce void its judgment reversing the order of Judge Townsend for a new trial, on the ground that the Court has since that time, in another cause, overruled the case of *State* v. *Turner, supra,* and other cases of the same import, and has held that the

Circuit Court does have jurisdiction to hear a motion for a new trial on after-discovered evidence, notwithstanding the pendency of an appeal in the Supreme Court. *State* v. *Lee,* 80 S. C., 367; *Mills* v. *A. C. L.,* 82 S. C., 126. The argument is, that a judgment of a Court without jurisdiction of the subject matter is invalid, and hence, under these conditions, the Supreme Court should hold its former adjudication reversing the order for a new trial in this case to be not binding.

The fallacy in the argument is that the question of jurisdiction was the very question discussed and decided by the Court in a cause to which the petitioner was a party, and the judgment of a Court on the question of jurisdiction, when that question is litigated and decided, is as binding on all parties to the cause as the adjudication of the Court on any other question involved in the cause. *Newell* v. *Beasley,* 40 S. C., 16, 18 S. E., 224; *Lawrence* v. *Nelson,* 143 U. S., 215, 18 L. Ed., 153; *Baisley* v. *Baisley* (Mo.), 35 Am. St., 726; Bigelow on Estoppel, 252; Black on Judgments, 274; 23 Cyc., 1293.

There are other reasons for denying the relief asked for. This Court has held that its control of the judgment ends when the remittitur has been sent down. *Ex parte Dial,* 14 S. C., 584; *Ex parte Dunovant,* 16 S. C., 299; *McKenzie* v. *Sifford,* 52 S. C., 394, 29 S. E., 311; *Carpenter* v. *Lewis,* 65 S. C., 400, 43 S. E., 881. In addition to this, the Chief Justice and the three Associate Justices, sitting as the Supreme Court, cannot set aside or in any wise lessen the force and effect of a judgment rendered by the Court sitting *en banc,* composed of the Supreme Court Justices and the Circuit Judges.

But even if it could be assumed the Supreme Court has discretion to open and set aside such judgment after the remittitur had been sent down, the facts are convincing that such discretion should not be exercised. The affidavits

setting forth the alleged after-discovered evidence on which a new trial was asked were heard and fully considered by the Supreme Court Justices and Circuit Judges, with the resulting judgment that not even the *prima facie* showing required by law had been made. A judgment which the most august tribunal known to our State law has declared, after the fullest investigation, ought to stand, should not now be disturbed.

We express no opinion as to whether the Circuit Court could now grant a new trial on after-discovered evidence materially different from that passed on by the Court *en banc.* That question is not before us.

The order dismissing the petition has been filed.