STATE v. JONES.

CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—It was not an abuse of discretion to refuse a new trial upon after-discovered evidence, which was merely cumulative.

Before TOWNSEND, J., Newberry, March, 1896. Affirmed.

Indictment against Mack Jones and John Brown, for murder. They were convicted of manslaughter. Motion for new trial was made on after-discovered evidence, but was refused, because the after-discovered evidence was merely cumulative. Defendant appealed.

The following is a short statement of the testimony upon the point, and the after-discovered evidence:

Pickens Culbreath, a witness for the defense, was sworn, and testified as follows: "Ben Downing [the deceased] had his knife drew, * * * and brought his hand up, * * * and stepped his other foot over the plank, with his knife drawed up, and Mack shot him." Illinois Cannon, witness for the defense, sworn, testified as follows: "By that time I had seen Ben open his knife this way; stepped up behind Mack, and opened his knife, * * * and by that time Ben was right up on Mack that very way, and Mack drew his pistol up and shot him." John Brown and Mack Jones, defendants, also testified that the deceased, Ben Downing, was attempting to cut defendant, Mack Jones, when he was killed. The following affidavits were filed on the motion for a new trial:

"Personally came George Bettis, who, being duly sworn, says that he was at the frolic in December, 1895, when Ben Downing was shot, and that he saw Ben Downing cutting at Mack Jones with a knife, and that when Downing was shot and fell, that the knife dropped to the floor, and Madison Jeter picked it up and put it in his pocket; that defendant was standing near Jeter when he stooped and picked the knife up; that he is no kin to defendants."

"Personally came Mary Higgins, who, being duly sworn,

says that she was at the frolic when Ben Downing was killed, and that she saw the knife in the hand of deceased, and saw him try to cut defendant, Jones, and that deceased was trying to cut Jones, and advancing on him, when Jones fired the shot that killed deceased."

"Personally came Mack Jones and John Brown, who, each being separately sworn, say that they have been in jail since December, 1895, but that both they and their friends have used all means to find out the evidence in their behalf, and that they had no knowledge or information of the witnesses, Geo. Bettis and Mary Higgins, or that they would testify to such facts as they made affidavit to, although they knew parts of said facts to be true, but did not know who picked up the knife until they heard of their affidavits this day."

*Mr. Cole L. Blease*, for appellants.

*Mr. Solicitor Schumpert*, contra.

Feb. 23, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellants, indicted and tried for the murder of Ben Downing, were found guilty of manslaughter, and sentenced to imprisonment in the penitentiary for five years. A motion for a new trial was made on the ground of after-discovered evidence, and was refused on the ground that the evidence alleged to be after-discovered was merely cumulative. The defendants appeal, alleging error in holding that the affidavits contained facts merely cumulative, and in not granting a new trial upon after-discovered evidence. It is well settled that a motion for a new trial, based on the ground of newly-discovered evidence, is addressed to the discretion of the Circuit Judge, and, unless he abuses this discretion, or violates some rule of law, this Court has no authority to interfere. *State* v. *Workman*, 15 S. C., 547. A Circuit Judge violates no rule of law in refusing to grant a new trial on merely cumulative evidence. We agree entirely with the Circuit Judge that the evidence offered as after-discovered evidence, was merely cumulative.

The case discloses no abuse of discretion. The judgment of the Circuit Court is affirmed.