## 11113

### STATE v. SINEATH

(115 S. E., 635)

1. CRIMINAL LAW—MOTION FOR NEW TRIAL ADDRESSED TO COURT'S DISCRETION, AND SUPREME COURT CANNOT INTERFERE UNLESS DISCRETION ABUSED OR LAW VIOLATED.—Motion for new trial for after-discovered evidence was addressed to the discretion of the Circuit Judge, and unless his discretion was abused or some rule of law was violated, the Supreme Court has no authority to interfere.

2. CRIMINAL LAW—REFUSAL TO HAVE WITNESS DECLINING TO MAKE
   AFFIDAVIT SWORN ON MOTION FOR NEW TRIAL NOT ABUSE OF DIS-
   CRETION.—The refusal of the Circuit Judge, on a motion for a new
   trial for after-discovered evidence, to have an alleged newly discov-
   ered witness, who refused to make an affidavit, sworn and examined
   for the purpose of discovering evidence that might prove of benefit
   to defendant, was not an abuse of discretion, where he apparently
   considered the evidence sought to be elicited as stated in defendant's
   affidavit.

3. CRIMINAL LAW—HOLDING THAT AFTER-DISCOVERED EVIDENCE WAS
   CUMULATIVE; NOT ERRONEOUS.—In a prosecution for uttering a false
   check, which defendant claimed was given with the understanding
   that it was to be held because he did not have any money, the
   Circuit Judge held not to have erred in holding that alleged after-
   discovered evidence of other persons who heard the conversation
   was merely cumulative.

Before TOWNSEND, J., Richland, January, 1922. Affirmed.

F. R. Sineath indicted for uttering a false check, and convicted. From an order refusing a new trial on after-discovered evidence, the defendant appeals.

Defendant was operating a gasoline filling station, and the check was given for gasoline delivered at the filling station by a refining company's driver. Defendant testified that the driver drove up and asked if he needed any gas, that he told him he did, but didn't have any money, and the driver said the check would not go into the bank until the second day afterwards, and accepted a check dated that way. His brother-in-law testified that he heard the conversation, and that the driver told defendant he would hold the check a day or so, and that it wouldn't be deposited for a certain length of time, and accepted the check on that condition. On the motion for a new trial, he presented the affidavit of a witness who swore that he heard part of the conversation and that something was said about "giving a check either dated ahead or else to hold it," and that he was then called away and did not hear the rest of the conversation. Defendant also presented his own affidavit, in which he swore

that another newly discovered witness, who refused to make an affidavit, heard the transaction and knew that the check was dated ahead.

*Mr. Buford Jackson,* for appellant, cites: *New trial on after-discovered evidence:* 106 S. C., 439; 14 L. R. A. (N. S.), 610; 94 Mo., 311; 6 Ga. App., 554; 37 La. Ann., 13.

*Mr. A. F. Spigner, Solicitor,* for respondent. Oral argument.

January 23, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appellant was indicted for uttering a false check, and was convicted and sentenced at the January, 1922, term of the Court of General Sessions for Richland county. On June 23, 1922, a motion for a new trial upon after-discovered evidence was refused by Hon. W. H. Townsend, Circuit Judge, on the ground that the alleged after-discovered evidence was merely cumulative. From the order refusing this motion, the defendant appeals upon two exceptions.

The first exception assigns error in the refusal or failure of Judge Townsend to have a witness—who had declined to make an affidavit, but who was present under subpoena—sworn and examined on the defendant's behalf at the hearing of the motion for new trial. In support of his contention that he was thereby denied "the equal protection of the laws" and deprived of his constitutional "rights and privileges," the appellant suggests no reason and cites no authority. As has been repeatedly held, "this motion was addressed to the discretion of the Circuit Judge, and unless his discretion was abused or some rule of law was violated," this Court has no authority to interfere. *State v. Workman,* 15 S. C., 547; *State v. Jones,* 49 S. C., 330; 26 S. E., 652; *State v. Anderson,* 85 S. C., 232; 67

S. E., 237; 137 Am. St. Rep., 887.   We know of no rule
of substantive law or of procedure requiring that a Circuit
Judge shall have witnesses sworn and examined at such a
hearing for the purpose of discovering evidence that might
prove of benefit to the moving party.   Conceding that cir-
cumstances might arise under which, upon a proper showing,
the refusal of the Circuit Judge to examine a recalcitrant,
after-discovered witness, might amount to an abuse of dis-
cretion, in the circumstances and upon the showing made in
the case at bar we think it clearly appears that there was no
abuse of discretion.   The nature and purport of the evi-
dence sought to be elicited from this witness were definitely
indicated in the defendant's affidavit, and in that form, most
favorably stated from defendant's standpoint, the evidence
appears to have been duly considered by the Circuit Judge.

The second exception imputes error to the Circuit
Judge in holding that the alleged after-discovered
evidence was merely cumulative.   A careful exam-
ination of the testimony relied upon discloses that there was
ample basis for the Judge's view, and his conclusion cannot
be pronounced error of law.

The exceptions are overruled, and the order of the Cir-
cuit Judge is affirmed.