# 11139

## STATE v. HARRISON

### (115 S. E., 746)

1. PARDON—GOVERNOR'S REASONS FOR REPRIEVE CANNOT BE REVIEWED BY COURTS.—The power of the Governor, under Const., Art. 4, § 11, to grant reprieves is unlimited, notwithstanding Civ. Code 1912, §§ 697, 889, relating to such power and to the recommendations of the Pardoning Board, and the Courts have no power to inquire into the reasons which may have actuated the Governor in granting the reprieve, and cannot, therefore, hold a reprieve invalid merely because accused did not request it.

2. CRIMINAL LAW—APPEAL FROM RESENTENCE DISMISSED AS INTENDED ONLY FOR DELAY.—Where accused was resentenced to death after the dismissal of his first appeal, a subsequent appeal from resentence, which was manifestly intended only for delay, will be dismissed to permit the sentence to be executed, otherwise the excution thereof could be indefinitely postponed by successive appeals.

Before MAULDIN, J., Richland, December, 1922. Appeal dismissed.

Ira Harrison was convicted of murder and after the dismissal of his former appeal (                                    S. C.), he was resentenced. From such order of resentence he appeals.

*Mr. B. B. Evans* for appellant.

*Mr. A. F. Spigner, Solicitor,* for the State.

February 8, 1923.

The opinion of the Court *en banc* was delivered by MR. CHIEF JUSTICE GARY.

NOTE—On power of Courts to inquire into motives of the Governor in exercising the pardoning power, see note 52 L. R. A. (N. S.), 113.

This is a motion to dismiss two appeals, on the ground that they were merely intended for delay, and therefore are without merit.

Ira Harrison, the appellant, and Frank M. Jeffords and Glenn Treece were indicted, jointly, on the 9th day of May, 1922, for the felonious killing of J. C. Arnette.

The jury found the defendants guilty of murder, but recommended the defendant Treece to the mercy of the Court. Thereupon, his Honor, W. H. Townsend, presiding Judge, sentenced the defendants Jeffords and Harrison to be electrocuted on the 16th day of June, 1922, and these two defendants appealed to the Supreme Court. Their appeals were dismissed, and on the 9th day of December, 1922, they were resentenced by his Honor, Judge Mauldin, to be electrocuted on the 22d day of December, 1922; and on said day the defendant Jeffords was electrocuted.

On the 13th day of December, 1922, the defendant Ira Harrison appealed from the resentence by his Honor, Judge Mauldin. On the 21st day of December, 1922, the Honorable Wilson G. Harvey, then Governor of South Carolina, granted a reprieve to the defendant Harrison until the 16th day of February, 1923.

On the 15th day of December, 1922, the defendant made a motion before Mr. Justice Cothran for an order suspending the sentence of electrocution imposed upon the appellant by his Honor, Judge Mauldin, but the motion was refused on the 18th day of December, 1922, for the reasons stated by Mr. Justice Cothran.

On the 29th day of January, 1923, the Supreme Court heard a motion by the solicitor of the Fifth Circuit to dismiss the appeal from the order of Mr. Justice Cothran refusing to suspend the resentence by his Honor, Judge Mauldin, on the ground that the said appeal was merely intended for delay, and therefore was without merit. The Supreme Court granted the motion to dismiss the appeal

for the reasons stated by Mr. Justice Cothran, in his order refusing the motion before him.

At the time mentioned, the solicitor also made a motion to dismiss the appeal from the resentence by his Honor, Judge Mauldin, on the ground that the appeal was merely intended for delay and, therefore, was without merit. The Supreme Court did not decide the motion to dismiss the defendant's appeal, but ordered that it be heard at this time, by the Court *en banc*.

During the argument of this motion before the Supreme Court, the appellant's attorney contended that the Governor did not have the power under the Constitution to reprieve the defendant, as he had not made a request to that effect, nor did he desire the reprieve.

Section II, Art. 4, of the Constitution, under the head of Executive Department, is as follows:

"He (the Governor) shall have the power to grant reprieves, commutations and pardons after conviction (except in cases of impeachment), in such manner, on such terms and under such restrictions as he shall think proper; and he shall have power to remit fines and forfeitures, unless otherwise directed by law. It shall be his duty to report to the General Assembly, at the next regular session thereafter, all pardons granted by him, with the report of the Board of Pardons. Every petition for pardon or commutation of sentence may be first referred by him to a Board of Pardons, to be provided by the General Assembly, which Board shall hear all such petitions under such rules and regulations, as the General Assembly may provide. The Governor may adopt the recommendations of said board, but in case he does not, he shall submit his reasons to the General Assembly."

Section 889 of the Code of Laws, 1912, is as follows:

"It shall be the duty of the said board to consider any and all petitions for pardon or commutation of sentence which may be referred to them by the Governor, and to

make their recommendation to the Governor regarding the same: *Provided,* the Governor may or may not adopt such recommendation; but in case he does not, he shall submit his reasons to the General Assembly: *Provided, further,* that the Governor may act on any petition without reference to said board."

Section 697 of the Code of Laws, 1912, is as follows:

"In any case that may be deemed proper by the Governor, he may suspend sentence or parole any prisoner upon such terms or conditions as he may deem just in the exercise of executive clemency."

In 29 Cyc., § 1563, it is said:

"The power of pardoning is founded on considerations of the public good, and is to be exercised on the ground that the public welfare, which is the legitimate object of all punishment, will be as well promoted by a suspension as by an execution of the sentence."

This is a correct statement of the law; and the case of the *State v. Hawkins,* 114 S. E., 538 (recently decided by this Court), is the only authority which it is necessary to cite to sustain the said doctrine, which is thus stated in that case:

"In making that announcement of what will hereafter be the practice, whether it involves the overruling of other cases or not, we should have a threefold purpose in view: First, to formulate a practice that is based upon sound judicial principles, and not one that is based upon an arbitrary assumption of power; Second, to formulate a policy that will preserve the liberties and rights of the individual citizens; Third, to formulate a policy that will protect the interests of the State—not such a policy as may be used by the designing to block the process of the Courts by an endless chain of motions and appeals."

The following language of the Court in that case is appropriate in the case now under consideration:

"This interpretation of *State v. Lee* in these and cases

following has led to a condition where convicted criminals may, by successive motions and appeals, block the process of the law indefinitely, and by their motions and appeals prevent their execution. Perhaps this tribunal was never called upon to meet a graver responsibility than that which now confronts it; nor was it ever more loudly called upon to use its judicial powers in a proper way, to avert a deplorable condition, a condition that is not calculated to enhance respect for law and its enforcement, and which as a matter of fact would have a contrary effect. It was never intended by the framers and makers of our Constitution and laws that the condition referred to should exist, and there must be some legal way to avert it. We have the opportunity, and it remains to be seen whether or not we have the disposition and ability to point out that way."

The power to grant reprieves. is conferred upon the Governor by the Constitution, and there is no limitation whatever placed upon the exercise of such power, either by the Constitution or by the Statute. The Courts have not the power to inquire into the reasons which may have actuated the Governor in granting a reprieve. If it should be declared that the Courts have such power of inquiry, then the right of the Governor to grant a reprieve would become a judicial, as well as a question for the executive department of the government, which unquestionably has not been shown to have been so intended. The proposition for which the appellant contends is therefore untenable.

The reasons stated by Mr. Justice Cothran in refusing to suspend the resentence by his Honor, Judge Mauldin, show that the motion to dismiss the appeal herein should be granted on the ground that it was merely intended for delay. It is the judgment of this Court that the motion to dismiss the appeal from the order of his Honor, T. J. Mauldin, Circuit Judge, be and is hereby granted; that the order of Judge Mauldin fixing a new date for the execution of the sentence of death originally pronounced by

the Court of General Sessions for Richland County, affirmed by this Court on appeal, is now in full force and effect, except to the extent affected by the reprieve granted by the Chief Executive of the State, the effect of which was lawfully to postpone the execution of the sentence imposed by the Court of General Sessions until the 16th day of February, 1923; and that the execution of said sentence may be lawfully carried into effect, pursuant to the order and sentence of the Court of General Sessions for Richland County and of said reprieve, on the said 16th day of February, 1923.

MESSRS. JUSTICES WATTS, FRASER and MARION, and MESSRS. WILSON, DEVORE, SHIPP, SEASE, BOWMAN, DENNIS, and FEATHERSTONE, Circuit Judges, concur.